CALVIN L. ROBINSON, APPELLANT, VS. WILLIAM B. BAR-
NETT, APPELLEE.

1. The rule is well settled that parol evidence is inadmissible to con-
   tradict or vary the terms of a valid written instrument.

2. It is oftentimes allowable to show contemporaneous facts and cir-
   cumstances attending the negotiation of parties in making con-
   tracts, as such facts and circumstances may throw light on the dis-
   puted contract itself.

3. B. sued R. as payee and endorser upon a promissory note. At the
   maturity of the note the cashier of B. called upon R. for payment.
   R. declined to pay it, alleging that his signature as endorser was a
   forgery, but to save the costs of a protest he wrote over such al-
   leged forged signature the words "protest waived:" *Held*, That
   on the trial R. could give in evidence the facts, and the conversation
   had by him with cashier of B. at the time those words were written,
   as contemporaneous facts and circumstances, to rebut the presump-
   tion that by writing those words he intended to adopt the signature
   as his own.

Appeal from the Circuit Court for Duval county.
The facts of the case are stated in the opinion.

*J. C. Marcy* for Appellant.

*Cockrell & Walker* for Appellee.

MR. JUSTICE VANVALKENBURGH delivered the opinion of
the court.

Barnett, the plaintiff, sued the appellant, Calvin L. Rob-
inson, upon a certain promissory note given by one Blew,
and endorsed by Robinson. Robinson was the payee and
first endorser on the note.

The appellant, Robinson, plead to the declaration, deny-
ing that the signature purporting to be his as endorser on
said note was his signature, and alleging that he had neither
authorized it to be placed there, or had ever subsequently
sanctioned it as his endorsement. The cause was tried by

a jury in November, A. D. 1881, and they found a verdict for the plaintiff of six hundred and seventy-eight dollars and four cents. The appellant moved for a new trial upon several grounds, which motion was denied, and the case comes here on an appeal from the judgment of the court denying such motion.

The first error assigned by the appellant is: "That the court erred in rejecting the evidence of the appellant explaining the contract as to the words 'protest waived' and the conversation had at the time the words were written."

The plaintiff below to make out his case introduced in evidence the note upon which the action was brought, and it read as fallows:

"$500.          JACKSONVILLE, FLA., June 4, 1877.

"Sixty days after date I promise to pay to the order of C. L. Robinson five hundred dollars at the Bank of Jacksonville, Fla., value received.

"(Signed)          CHARLES W. BLEW.
"Endorsed—Protest waived.
"C. L. ROBINSON.
"EWELL JAMISON, waive protest."

The plaintiff introduced as a witness Wm. B. Barnett, the appellee, who testified: "At maturity of the note or bill the defendant (Robinson) wrote the words 'protest waived' on the back of the note over the name of C. L. Robinson."

The defendant (Robinson) testified in his own behalf: "I never endorsed that bill, nor did I ever authorize any other person to endorse it for me, nor did I ever know that such a bill was in existence till called upon to pay it, nor have I in any way adopted the signature as mine. The signature of my name upon that bill is not my hand writing, it is a forgery. On the day the bill matured I was notified by written notice that such a bill endorsed by me

was at the Bank of Jacksonville, and requested to call and pay it. In a short time after, Mr. I. M. Swain, the cashier of the said bank, who called personally, notified me personally that there was such a bill at the bank. I went with him to the bank and saw the bill and endorsement, and was satisfied it was a forgery, and so stated at the time." At this point the attorney for the appellee asked the witness, "what occurred at the time the words ' protest waived ' were written on the back of said bill, and what was the purpose as to waiving protest and between yourself and Mr. Swain as stated then to the cashier ?"

To this inquiry the attorney for the appellee objected for the reason that the admission of testimony as to what was said at the time would be admitting parol testimony to vary a written instrument. The court sustained the objection to the testimony, and the attorney for the appellant excepted to such ruling of the court.

The second error assigned is in the court's " rejecting the testimony of Jacob Swain, offered to show what occurred at the time of the contract, and for the purpose of explaining the words ' protest waived.' "

Swain was examined upon a commission duly issued, and the interrogatory and answer to which this second assignment of error points are in the following words :

" *6th Interrogatory.*—If you say you did present such a note to C. L. Robinson for payment, what did Robinson say in regard to the same ? State fully all the conversation had with said Robinson in regard to said note and its endorsement, and when such conversation occurred, and who was present."

*Answer.*—On presentation of said note of C. L. Robinson for payment he said he did not remember endorsing such a note for C. W. Blew; that if he did so he must have been drunk or crazy ; that he and Blew had not been

on good terms for some time past, and therefore he would not be likely to endorse Blew's note; the said conversation was held in his office and in the bank; this conversation occurred the day of the maturity of the note before three o'clock; I do not remember that any one was present but ourselves; in the conversation I stated, "this note is due to-day, what are you going to do about it? If not paid I must protest it." He said you need not go to the expense of protesting it, I will waive protest. I then said, "write the words waive protest, or protest waived, over your signature, on the back of the note or endorsement."

The attorneys for the appellee objected to this answer being received in evidence as contradicting, varying or altering the written agreement. Attorney for appellant insisted that it was not offered for such purpose, but only to explain and limit the meaning of the terms used in the contract. The court sustained the objection, and the counsel for appellant excepted.

The question thus presented by these two assigned errors is, was the appellant entitled to prove what took place at the time he wrote the words "protest waived" above his signature as endorser of the note? Was the conversation and circumstances attending the writing by him of those words competent evidence? The counsel for the appellee objected to it upon the ground that it would be admitting parol testimony to vary a written instrument, insisting that the writing of the words "protest waived" by Robinson was an adoption by him of the signature upon the note, and that it was a contract upon his part upon which he could be held to pay the amount due upon the note. If this position is true then the testimony was properly excluded, for the rule is well settled that parol evidence is inadmissible to contradict or vary the terms of a valid written instrument.

The counsel for the appellant contends that the evidence was not offered for such purpose, but simply to explain and limit the meaning of the words used. Robinson had already testified, without objection, that he had seen the note ; that the endorsement was a forgery, and that he had so stated at the time, which was before he wrote the words " protest waived " above his endorsement. When he attempts to prove what the circumstances were, and for what purpose he so wrote those words, he is concluded by an objection. The appellant was entitled to show in evidence the facts and circumstances as they existed at the very time of the making of this contract, as throwing light upon the contract itself, and from these facts, so proven, the jury were to determine the question of his adoption of such signuture. The effect of the proof so offered was not to vary a written instrument, but to assist in determing the question whether the instrument itself was binding upon the party, whether he had so adopted it that his liability was fixed. It would seem that this was particularly the province of the jury, and that the adoption of the endorsement by writing the words " protest waived " depends upon the circumstances which surrounded the act and the words spoken between the parties at the time.

" Parol evidence is admissible to explain and apply to writing, but not to add to it or vary its terms. This is a general doctrine which has been recognized almost universally." 2 Phil. Ev., Cowen & Hill's Notes, notes 494 and 495 and cases cited.

In Emory vs. Webster, 42 Maine, 204, the court say : " The rule of law is unquestioned that parol evidence is inadmissible to contradict or vary the terms of a valid written instrument, but the rule is directed only against the admission of any other evidence of the language employed by the parties in making the contract. The writing may

be read by the light of surrounding circumstances in order more perfectly to understand the intent and meaning of the parties.

"The question being, what did the parties mean and understand by the written language used and to be interpreted? parol evidence of extraneous facts and circumttonces is often indispensable to aid in obtaining a true answer to the inquiry."

"Previous conversations between the parties may be shown when that becomes important to show in what sense subsequent writings passing between them were understood." Greenleaf Ev., 12 Ed., §§288 a. and 277.

"In all cases in which parol evidence has been admitted in exposition of that which is written, the principle of admission is that the court may be placed, in regard to the surrounding circumstances, as nearly as possible in the situation of the party whose written language is to be interpreted, the question being what did the person thus circumstanced mean by the language he has employed?" Greenleaf Ev., 12 Ed., §295 a.

In the case of Com. Bank of Albany vs. Clark, 28 Vermont, 325, the facts were that defendant was sued as endorser upon a bill of exchange. The notice of its dishonor was proved by his written acknowledgment that he did receive due and legal notice of the protest and non-payment of the bill. The question in the case was whether this written acknowledgment was conclusive, or whether he could show that in fact no such notice of protest and non-payment was ever given, he having signed the admission under a misapprehension of the facts. The court say that there was nothing in the case that renders the testimony inadmissible. "He was not estopped from making that defence by his promise."

In Keough vs. McMitt, 6 Minn., 513, the court hold

that: " Parol evidence is admissible in cases of written instruments, to prove collateral and independent facts, about which the writing is silent."

In Sigerson vs. Cushing, 14 Wis., 527, the court in its examination of this question conclude that in interpreting a contract the court must not look at it alone, but that " it is to be interpreted in the light of surrounding circumstances," and say : " It is often absolutely essential that the court should know the facts surrounding the parties, and the situation in which they are placed, in order to interpret the meaning of what they say in their contracts.".

In Lyon vs. Kidder, 48 Vermont, 42, the court hold that: " It is allowable oftentimes to show in evidence pre-existing and contemporaneous facts and circumstances attending the negotiation of parties in the making of their contracts, as such facts often throw light upon the disputed contract itself." See also upon this question : Starkie Ev., 5th Ed., 557 ; 2 Cush., 271 ; 77 N. Y., 304 ; 22 Barb., 326 ; 57 Ala., 440 ; 18 Lou. Ann., 148.

The testimony in this case was offered for the purpose of rebutting the presumption insisted upon by the plaintiff that Robinson, by writing the words " protest waived " over his name, had acknowledged or adopted the signature as his own. The object of the testimony was to rebut such presumption which might perhaps attach to the act.

The payee and endorser of the note, as it would seem from the evidence in the bill of exceptions, while protesting that the signature was not his, and that it was a forgery, consented to " waive protest " and notice by such endorsement above such signature. If, upon the trial of the cause, the signature should be shown to the satisfaction of the jury to be his true signature, then the necessity of proving that the bill was dishonored, protested and notice given was waived by this payee.

The question as to whether the appellee was the rightful owner or holder of the note is not involved in this question of the admission of evidence. We are of the opinion that the evidence should have been admitted for the purpose of rebutting the presumption of the adoption of the signature, as well as showing the facts and circumstances surrounding the case, not to contradict, alter or vary the terms of the writing, but to get at the intention and meaning of the parties.

The other errors assigned relate exclusively to the charge of the court to the jury upon the facts as they existed when the cause had reached that point. It will not, therefore, be necessary to examine them, as the judgment must be reversed.

Judgment reversed and new trial awarded.