OF THE

# TERRITORY OF ARIZONA

DURING THE YEAR 1898.

[Civil No. 590. Filed April 16, 1898.]

[52 Pac. 771.]

A. BARRY, Plaintiff and Appellant, v. E. B. KIRKLAND et al., Defendants and Appellees.

1. NEGOTIABLE INSTRUMENTS—FORGERY—PROMISE TO PAY—ESTOPPEL—ADOPTION.—Where parties had formerly been sureties upon a note of Kirkland, and, to secure an extension of the indebtedness, Kirkland gave the payee a new note, to which he had forged the names of the sureties, they will not be estopped to deny the genuineness of their signatures to the new note by having, in ignorance of the facts, after the maturity of the note and without consideration, promised to pay it. Nor do such promises constitute an adoption of the forgeries.

APPEAL from a judgment of the District Court of the Third Judicial District in and for the County of Maricopa. A. C. Baker, Judge. Affirmed.

The facts are stated in the opinion.

L. H. Chalmers, for Appellant.

The defendants, if not liable as signers, are liable, first, as having ratified and adopted the forgery (*Woodruff* v. *Munroe*, 33 Md. 158; *Casco Bank* v. *Keene*, 53 Md. 104; *Bank* v. *Crafts*, 4 Allen, 447; *Dow* v. *Ferry*, 29 Mo. 390; *Crout* v. *De Wolf*, 1 R. I. 393); and second, by their acts subsequent to the forgery they are estopped from denying the genuineness of their signatures. Daniel on Negotiable Instruments, secs. 859, 1354.

Arizona 6—1

Joseph Campbell, for Appellees.

When the term "ratify" is used in connection with a contract, it is only applicable to a contract made by a party acting, or assuming to act, for another. There must be some relation, actual or assumed, of principal and agent. *Ellison* v. *Jackson Water Co.*, 12 Cal. 542; *Puget Sound Lumber Co.* v. *Krug*, 89 Cal. 237, 26 Pac. 902; *Mitchell* v. *Minnesota F. I. Co.*, 48 Minn. 278, 51 N. W. Rep. 608.

E. B. Kirkland in signing the names of Loring and R. F. Kirkland to the note did not assume to act as their agent in so doing. He pretended to Barry that they themselves signed said note. He uttered the note as the act of these appellees by themselves, and not through him.

Before it can be contended that a principal has ratified the unauthorized act of his agent it must be shown that he was made acquainted with all the material facts. *Puget Sound Lumber Co.* v. *Krug*, 89 Cal. 237, 26 Pac. 902; *Western Nat. Bank* v. *Armstrong*, 152 U. S. 346, 14 Sup. Ct. Rep. 572.

"The principal is under no obligation to accept the assumed agent's acts. The law imposes no duties upon him to make inquiries about it. Where there is no legal obligation the question of negligence or diligence is of no importance. The duty of making inquiry and ascertaining what has been done is not cast on the one who is under no legal obligation to take on himself the responsibility, but it rests with the party who would gain a benefit by the enforcement of the contract. *Smith* v. *Lynch*, 7 Colo. App. 383, 43 Pac. 674.

Even if defendants did promise to pay the note they are not bound, and appellant cannot recover. *Owsley* v. *Phillips*, 78 Ky. 517, 39 Am. Rep. 258; *Shisler* v. *Vandike*, 92 Pa. St. 447, 37 Am. Rep. 702; *McHugh* v. *County of Schuylkill*, 67 Pa. St. 391, 5 Am. Rep. 445; *Workman* v. *Wright*, 33 Ohio St. 405, 31 Am. Rep. 546; *Garnett* v. *Ratliff*, 83 Ky. 384; *Smith* v. *Trammel*, 68 Iowa, 488, 27 N. W. 471; *Terry* v. *Taylor*, 33 Mo. 323; *Henry* v. *Heeb*, 114 Ind. 275, 5 Am. St. Rep. 613, 16 N. E. 606; *First Nat. Bank* v. *Holan*, 63 Minn. 525, 65 N. W. 952; *Wilson* v. *Hayes*, 40 Minn. 511, 12 Am. St. Rep. 754, 42 N. W. 467.

DAVIS, J.—This was an action brought by the plaintiff to recover against the defendants, E. B. Kirkland, R. F. Kirk-

land, and George E. Loring, upon a promissory note. The defendant E. B. Kirkland made default, and the defendants R. F. Kirkland and George E. Loring answered under oath, denying the execution of the note. The cause was tried without a jury, and the findings of the court were, that the defendants R. F. Kirkland and George E. Loring did not sign the note; that the placing of their names thereon was not done by their authority, knowledge, or consent, but that their names were forged thereto. The court further found that the oral promises of R. F. Kirkland and George E. Loring to pay said note were made under the misapprehension that they had originally signed said note; that at the times when said promises were made said note was not exhibited to either of them by the plaintiff, and that they were made without knowledge of the material facts in relation to said note; that said promises were made without any consideration whatever and after the maturity of the note; that by reason of said promises the plaintiff was in no way affected or injured, or induced to change his relations regarding said note; and that, as a conclusion of law, neither of said answering defendants were liable for the payment thereof. Judgment was entered accordingly in their favor. From the judgment and the order overruling his motion for a new trial, the plaintiff has appealed.

Under the pleadings and findings of the court below it may be assumed that the names of R. F. Kirkland and George E. Loring appearing upon said note were forgeries, as there is abundant evidence, we think, to support this conclusion. But it is claimed by the appellant that the two defendants by their acts subsequent to the forgery, if forgery it was, are estopped from denying the genuineness of their signatures, and that they are liable as having adopted the forgery. The evidence in the case shows that the defendants E. B. Kirkland and R. F. Kirkland were brothers, and that the defendant George E. Loring was their acquaintance and associate of eighteen or twenty years; that R. F. Kirkland and Loring had each previously been jointly obligated with E. B. Kirkland; that on May 1, 1891, the latter was indebted to the appellant in the sum of eight hundred dollars on a certain former note given by him, upon which Loring was liable as surety; that appellant delivered to E. B. Kirkland a new note in

blank for the renewal of the former obligation, and on the following day the latter returned the new note to the appellant, with his own and the names of George E. Loring and R. F. Kirkland signed thereto, and this is the note which was sued on. The appellant claimed to have had various conversations with R. F. Kirkland and Loring about the note, and that they had promised to pay it, but he did not testify that he had ever exhibited the instrument to either of them. The defendant R. F. Kirkland admitted in his testimony that he had on several occasions promised to pay the note, but claimed that he had done so under the mistaken assumption that he had really signed it. It plainly appears, too, that whatever promises were made by either R. F. Kirkland or Loring were made after the maturity of the note, and without any consideration. It is not shown that the appellant was in any way prejudiced by them, or that they induced him to do or omit to do anything whatever to his disadvantage, or that his *status* by reason thereof was in any respect changed. Under these circumstances, no foundation for an estoppel exists. 1 Daniel on Negotiable Instruments, sec. 859; *Workman* v. *Wright,* 33 Ohio St. 405, 31 Am. Rep. 546; *Moore* v. *Robinson,* 62 Ala. 537; *Crossan* v. *May,* 68 Ind. 242. If it be contended that without regard to the principle of estoppel the defendants are liable, as having adopted the forgery, the authorities cited by appellant will not sustain his contention under the facts in this case, as a short review of the former will readily disclose. In *Woodruff* v. *Munroe,* 33 Md. 147, it was held: "If, in an action against an indorser of a promissory note by the *bona fide* holders thereof, it be shown that the indorsement was not genuine, and the defendant did not ratify or sanction it prior to the maturity of the note and its transfer to plaintiff, he is not liable. But if he adopted the note prior to its maturity, and by such adoption assisted in its negotiation, he would be estopped from setting up the forgery in a suit by a *bona fide* holder. But any admissions by the defendant made subsequently to the maturity of the note would not be evidence that he had authorized the indorsement of his name thereon." *Bank* v. *Keene,* 53 Me. 103, is a case where, on account of the defendant's admission of the genuineness of the signature, the bank refrained from proceeding against the person from whom it received the note, and the court held the defendant

thereby estopped from denying his signature. In *Greenfield Bank* v. *Crafts*, 4 Allen, 447, the court was considering the case of a party acting with full knowledge of the manner in which the note was signed, and the want of authority on the part of the actor to sign his name, but who understandingly and unequivocally adopted the signature, and assumed the note as his own. *Dow* v. *Spenny*, 29 Mo. 390, went on the proposition that the lower court erred in charging the jury that the plaintiff must prove that the signatures of the defendants on the note were their genuine signatures. In *Crout* v. *De Wolf*, 1 R. I. 393, the third clause of the *syllabus* is, "Where the person whose signature is forged promises the forger to pay the note, this amounts to ratification of the signature, and binds him." But an examination of the case shows that evidence was offered to prove that the plaintiff had bought the paper in consequence of what the defendant said to him, and the court charged that if, before purchasing the note, plaintiff asked defendant if he should buy and was told he might, defendant could not excuse himself on the ground of forgery. So that the case may be put upon the ground of estoppel. In *Shisler* v. *Vandike*, 92 Pa. St. 447, 37 Am. Rep. 702, it was held that a promise, by one whose indorsement on a note is forged, to pay the same is void as against public policy. This is the entire line of authorities cited by counsel for appellant, and it will be seen that, in so far as they are applicable to the case at bar, they support, rather than impugn, the holding of the lower court. There are numerous authorities which hold that a forgery cannot be ratified. *Brooke* v. *Hook* is an English case reprinted in 3 Alb. L. J. 255. This was a case where the defendant's name was forged, and he had given a written memorandum that he would be responsible for the bill. Chief Baron Kelly places his opinion upon the grounds—1. That the defendant's agreement to treat the note as his own was in consideration that plaintiff would not prosecute the forger; and 2. That there was no ratification as to the act done, the signature to the note being illegal and void, and, though a voidable act may be ratified, it is otherwise when the act is originally, and in its inception, void. The opinion fully recognizes the proposition that when acts or admissions alter the condition of the holder of the paper the party is estopped, but it is necessary

that such a case be made. In *McHugh* v. *Schuylkill County*, 67 Pa. St. 391, 5 Am. Rep. 445, the defense to a bond was forgery. The court below charged that if the obligor subsequently approved and acquiesced in the forgery or ratified it the bond was binding on him. It was held that, there being no new consideration, the instruction was error; also, that a contract infected with fraud was void, not voidable, and confirmation without a new consideration was *nudum pactum*. This proposition is recognized in 2 Daniel on Negotiable Instruments, sec. 1352: "When no principle of estoppel applies, and when, through mistake, a party states that his signature is genuine, and afterwards, discovering his error, corrects it before the holder has changed his relations to the paper, or any one has dealt with it upon the faith of his admissions, we know of no principle of law which prevents the forgery from being pleaded." Upon the principles laid down in these authorities, we cannot see how any mere promise to pay a forged note can lay the foundation for liability of the appellees, when there appear no circumstances to create an estoppel, and the promises were made after maturity, without consideration, and without full knowledge of the material facts in relation to said note. Finding no error in the record, the judgment is affirmed.

Street, C. J., Doan, J., and Sloan, J., concur.