CHARLES P. MARSH *v.* STATE BANK & TRUST CO.*

(*Nashville.* December Term, 1925.)

1. ESTOPPEL.

Person whose name is forged to note may be estopped by admission, on which others may have changed their relations, from pleading truth of matter to their detriment. (*Post, pp.* 404-406.)

Cases cited and approved: Robinson v. Barnett, 18 Fla., 602; Lewis v. Hodapp, 14 Ind. App., 111; First State Bank of Corwith v. Williams, 143 Iowa, 177; West Phila. Nat. Bank v. Field, 143 Pa., 473; Barry v. Kirkland, 6 Ariz., 1; Henry v. Heeb, 114 Ind., 275; Owsley v. Philips, 78 Ky., 517; Workman v. Wright, 33 Ohio St., 405; Shisler v. Vandike, 92 Pa. St., 447; Wilson v. Hayes, 40 Minn., 531; Traders' Nat. Bank v. Rogers, 167 Mass., 315; Bartlett v. Tucker, 104 Mass., 336; Fitzpatrick v. School Commrs., 26 Tenn., 224; Jones v. Hamlet, 34 Tenn., 256; Winham v. Crutcher, 78 Tenn., 610; Fort v. Coker, 58 Tenn., 589.

Case cited and distinguished: Furnish v. Burge, 54 S. W., 90.

2. ESTOPPEL. Person whose name was forged to note is estopped to deny liability where before it was due he stated that, although he did not sign it, he would see it paid.

Person whose name was forged to note is estopped from setting up forgery as defense against liability where, before note was due, he told holder that, although he did not sign note, he would take care of it and see it paid, and holder in reliance thereon assumed position prejudicial to its interest. (*Post, pp.* 406, 407.)

Cases cited and approved: Dry Goods Co. v. Hill, 135 Tenn., 71; Rogers v. Colville, 145 Tenn., 650.

---

*Headnotes 1. Estoppel, 21 C. J., Section 150; 2. Estoppel, 21 C. J., Section 150.

On liability upon paper given in renewal of forged paper, see note in 23 L. R. A. (N. S.) 1234.

On liability of person whose signature is forged to commercial paper, see note in 36 L. R. S. 539.

### FROM LINCOLN.

Appeal from the Circuit Court of Lincoln County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court.—Hon. R. W. SMARTT, Judge.

ROUTT & MYERS, for plaintiff in error.

GILES L. EVANS, for defendant in error.

MR. JUSTICE HALL delivered the opinion of the Court.

The question for determination in this case is whether or not plaintiff in error is estopped to deny liability as surety upon a promissory note by his ratification of the forged signature of his name thereon.

The circuit judge, sitting without the intervention of a jury, rendered judgment against plaintiff in error upon the note, filing a written finding of facts upon the request of the parties as follows:

"This is a suit of the plaintiff *Bank* v. *Dr. Charles P. Marsh,* upon a note purporting to be executed July 18, 1923, due ninety days after date, signed by W. Bruce Berry, and Dr. Charles P. Marsh, as security, payable to State Bank & Trust Company, for $200. The suit is against Dr. Charles P. Marsh alone. A plea of *non est factum* was introduced on the trial of the case.

"The case originated before a justice of the peace, and is in this court by appeal. On the trial, having been requested to make a written finding of facts by both parties, the court finds the following facts:

153 Tenn.—26.

" 'W. Bruce Berry, the principal on the note, was a bookkeeper for Dr. Charles P. Marsh, the defendant, and had been sometime prior to the date of the note, July 18, 1923. He was not related to Dr. Marsh, but was related to the relatives of Dr. Marsh, and a friendly relation had existed between the two. He brought or sent to the State Bank & Trust Company the note in controversy, which purports to be signed by W. Bruce Berry, and Charles P. Marsh, as security.

" 'The first question raised is as to whether or not Dr. Charles P. Marsh signed this note as security. The court finds that he did not sign such note as security, nor authorized any one to sign for him, and that he had no notice that the note had been executed until after the date of July 18, 1923.

" 'Sometime after the execution of the note Dr. Marsh was informed that he was marked as security on a note in some amount to the bank. He put in a telephone call for the bank, but did not get the bank cashier upon his call. The bank also had heard the fact reported that Dr. Marsh was denying his signature on said note, and on September 7, 1923, the cashier of the bank, Mr. Woodard, had Dr. Marsh called over the telephone, and had a conversation with him about his signature to the note. In that conversation Dr. Marsh said that he did not sign said note, and had no knowledge of it, but he said to the cashier of the bank to let it alone, that he would O. K. it that time, that he would take care of it and see it paid. Thereupon the cashier of the bank took the note and wrote upon it words which now appear on said note, "Signature O. K.'d Charles P. Marsh, 9/7/23."

" 'A few days later Dr. Marsh came into the bank and saw the cashier, and in that conversation he told him that, while he did not sign the note, still, let it alone—that he would take care of it and see that it was paid. The bank relied upon these conversations with Dr. Marsh, and after the note became due they did not sue immediately upon said note because Dr. Marsh was understood to be perfectly solvent. W. Bruce Berry was insolvent at the time of the execution of the note, and is at the present time.

" 'He continued to live at Petersburg, in Lincoln county, until some time in February, 1924.

" 'The bank notified Dr. Marsh frequently after the maturity of the note, and did not receive any response from him, but Dr. Marsh did endeavor to procure Berry to pay the note.

" 'Suit was brought against Dr. Marsh after Berry left the county, and at the present time his whereabouts are unknown.

" 'Suit was brought upon the —— day of ———, 1924.

" 'Upon these facts, the court is of the opinion that, while Dr. Marsh did not sign said note, he ratified said signature and is liable therefor. Judgment will be given against him for the amount of the note, interest, and attorney's fee.' "

Upon appeal by the plaintiff in error from the judgment rendered against him by the trial court to the court of appeals the judgment was affirmed. The case is now before this court upon the plaintiff in error's petition for the writ of *certiorari* and for review.

It is insisted by the plaintiff in error that there is no evidence to support the finding that he, in fact, ratified

his forged signature to the note, or that he is estopped from denying his liability thereon.

A person whose name has been forged to a note may be estopped by his admission, on which others may have changed their relations, from pleading the truth of the matter to their detriment. 3 R. C. L., section 323, p. 1107; *Robinson* v. *Barnett,* 18 Fla., 602, 43 Am. Rep., 327; *Lewis* v. *Hodapp,* 14 Ind. App., 111, 42 N. E., 649, 56 Am. St. Rep., 295; *First State Bank of Corwith* v. *Williams,* 143 Iowa, 177, 121 N. W., 702, 23 L. R. A. (N. S.), 1234, 136 Am. St. Rep., 759; *West Philadelphia National Bank* v. *Field,* 143 Pa., 473, 22 A., 829, 24 Am. St. Rep., 562; 36 L. R. A., 541, note.

The question whether a forgery is capable of being ratified, so as to create a liability on the forged instrument, in the absence of circumstances constituting an estoppel *in pais,* is one on which there is much conflict among the authorities. The weight of authority, perhaps, has answered the question in the negative. 3 R. C. L., section 324, p. 1107; *Barry* v. *Kirkland,* 6 Ariz., 1, 52 P., 771, 40 L. R. A., 471, 2 Ann. Cas., 295; *Henry* v. *Heeb,* 114 Ind., 275, 16 N. E., 606, 5 Am. St. Rep., 613; *Owsley* v. *Philips,* 78 Ky., 517, 39 Am. Rep., 258; *Workman* v. *Wright,* 33 Ohio St., 405, 31 Am. Rep., 456; *Shisler* v. *Vandike,* 92 Pa. St., 447, 37 Am. Rep., 702; 12 L. R. A., 140, note, 36 L. R. A., 539, note.

Some of the courts holding to this view place the doctrine on grounds of public policy. *Wilson* v. *Hayes,* 40 Minn., 531, 42 N. W., 467, 4 L. R. A., 196, 12 Am. St. Rep., 754; *Shisler* v. *Vandike,* supra. Others, on the ground that ratification involves the relation of agency, and can be effectual only when the act is done by the

agent avowedly for or on account of the principal, and hence that ratification can have no application to a forgery, because a forger never acts or assumes to act for another. *Henry* v. *Heeb* and *Wilson* v. *Hayes,* supra. And still other courts, a majority, base the rule on the ground that, in the absence of any new consideration, the ratification or adoption of the forged instrument would be a mere *nudum pactum.* *Barry* v. *Kirkland, Henry* v. *Heeb, Wilson* v. *Hayes,* and *Workman* v. *Wright,* supra. On the other hand, some courts have held that one whose signature has been forged to a promissory note, who yet, with knowledge of all the circumstances, and intending to be bound by it, acknowledges the signature, and thus assumes the note as his own, is bound to the same extent as if the note had been signed by him originally, without regard to whether or not his acknowledgment amounts to an estoppel *in pais.* *Traders' National Bank* v. *Rogers,* 167 Mass., 315, 45 N. E., 923, 36 L. R. A., 539, 57 Am. St. Rep., 458; 12 L. R. A., 140, note, 23 L. R. A. (N. S.), 1234, note. There are other cases which, while seeming to lend support to the doctrine that a forged signature may be ratified, nevertheless turn upon the proposition that the holder of the note had in some way acted in reliance on the promise or admission of the person whose name appeared on the note, or that the latter had received or participated in the consideration for which the note had been given, and was therefore estopped to deny the genuineness of his signature. *Henry* v. *Heeb,* supra; *Bartlett* v. *Tucker,* 104 Mass., 336, 6 Am. Rep., 240.

In *Fitzpatrick* v. *School Commissioners,* 7 Humph., 224, 46 Am. Dec., 76, it was held that if a person, whose

name is forged as surety to a note, subsequently takes a deed of trust upon the property of the principal to indemnify himself, he thereby ratifies the execution of the note and becomes liable as surety.

To the same effect is *Jones* v. *Hamlet,* 2 Sneed, 256; *Winham* v. *Crutcher,* 10 Lea, 610; *Fort* v. *Coker,* 11 Heisk., 589.

In *Furnish* v. *Burge* (Tenn. Ch. App.), 54 S. W., 90, it was said:

"Where a party's name has been forged to a note, he will be bound if with knowledge of all the circumstances, and intending to be bound by it, he acknowledges the signature thereto as his, even though there be no new consideration."

The finding of the circuit judge that plaintiff in error told the cashier of the bank to let the note alone; that he would "O. K. it that time; that he would take care of it and see it paid;" that later he came into the bank and told the cashier that, while he did not sign the note, still he would take care of it and see it paid; that the bank relied upon these statements of the plaintiff in error and did not sue on the note immediately after its maturity because of the solvency of the plaintiff in error; that the principal was insolvent and left the county before suit was brought—is supported by the testimony of the cashier of the bank and its assistant cashier, and also by the testimony of the county court clerk.

We are of the opinion, therefore, that the plaintiff in error is estopped by his conduct from setting up the forgery of his name to the note in question as a defense against liability. *Dry Goods Co.* v. *Hill,* 135 Tenn., 71, 72, 185 S. W., 723; *Rogers* v. *Colville,* 145 Tenn., 650, 238

Marsh v. State Bank & Trust Co.

S. W., 80. The bank relied on plaintiff in error's assurances, forebore to sue until the principal had left the county and his whereabouts had become unknown and he was no longer available as a witness as to the genuineness of plaintiff in error's signature. In other words, the bank, by the statements of the plaintiff in error, was lulled into security, knowing that he was solvent, and took a course different from that which, in all probability, it would have pursued but for the declarations of plaintiff in error. If plaintiff in error had refused to recognize his liability on the note the bank, no doubt, would have sued upon it immediately upon maturity, at which time the principal's testimony would have been available as to the genuineness of plaintiff in error's signature if it were, in fact, genuine. Furthermore, the bank might have been able to secure payment or a satisfactory adjustment of the matter with the principal. We think the bank therefore was caused, by the declarations of the plaintiff in error, to assume a prejudicial position to its interests, and that plaintiff in error is estopped to deny liability.

It results that the writ will be denied, with costs.