## KELLY v. THE E. F. HALLACK LUMBER AND MANUFACTURING COMPANY.

1. DEEDS, WHEN EFFECTIVE.

A deed does not take effect until delivery, even though it bears date as of an earlier day.

2. PRACTICE—NONSUIT—ADDITIONAL EVIDENCE.

The court may, in its discretion, permit plaintiff to introduce further testimony after motion for a nonsuit. The exercise of such discretion is not reviewable.

3. JURISDICTION—COUNTY COURT.

The jurisdiction of the county court in proceedings under the forcible entry and detainer act is not affected by the value of the premises, the possession of which is sought to be recovered.

*Error to the County Court of Arapahoe County.*

THIS is an action of an unlawful detainer brought by The E. F. Hallack Lumber and Manufacturing Company in the county court of Arapahoe county against Andrew J. Kelly to recover possession of lots 1 and 2, in block 262, Clement's addition to the city of Denver. The cause was tried to the court; judgment for plaintiff. Kelly brings the case here for review.

Messrs. SULLIVAN & MAY, for plaintiff in error.

Mr. REGINALD HEBER SMITH, for defendant in error.

MR. JUSTICE GODDARD delivered the opinion of the court.

The action is brought under subdivision 6 of section 3 of the forcible entry and detainer act, Session Laws 1885, p. 224, which provides:

"SEC. 3. Any person shall be deemed and held guilty of an unlawful detention of real property in the following cases: * * *

(6). When the property has been duly sold, under any power of sale, contained in any mortgage, or trust deed, which was executed by such person, or any person, under whom he or she claims, by title, subsequent to the date of the recording of such mortgage, or trust deed, and the title under such sale has been duly perfected, and the purchaser at such sale, or his assigns, has duly demanded the possession thereof."

The plaintiff became the purchaser of the lots in question at a trustee's sale regularly made in pursuance of, and in conformity with, the provisions of a trust deed dated March 3, 1891, executed by the defendant Kelly to D. B. Ellis, trustee,

to secure the payment of his certain promissory note to the plaintiff. The complaint contains all the allegations necessary to state a cause of action under the statute. It avers, *inter alia*, that Kelly was the owner in fee simple and in possession of the lots on March 11, 1891. It appears in evidence that on that date the plaintiff company executed a quitclaim deed to him for the property. It is contended by counsel for defendant that the execution of the quitclaim deed subsequent to the date of the deed of trust operated to release the incumbrance created thereby. However plausible this claim may appear when predicated upon the assumption that the giving of the deed of trust and the deed of quitclaim were separate transactions, and that each took effect from its date, there is no merit in it when considered in the light of the facts as disclosed by the evidence, it being uncontradicted that the deeds were delivered at the same time, and constituted one transaction, and that the deed of trust, although dated March 3d, was not delivered until March 11th, simultaneously with the quitclaim, and took effect as of that date. Devlin on Deeds, vol. 1, sec. 264, and cases cited.

It is further urged that the court erred in permitting plaintiff to introduce further testimony after a motion for nonsuit was interposed; but that being a matter entirely within the discretion of the trial court, the exercise of that discretion is not reviewable here. *Atlantic Ins. Co. v. Manning*, 3 Colo. 224; *The Abbey Homestead Ass'n v. Willard*, 48 Cal. 614.

The objection urged against the jurisdiction of the county court is also untenable. The action of unlawful detainer is a statutory proceeding provided for the summary recovery of the possession of real property. In such proceeding the title, or ownership of the premises, is not involved or tried; but simply the question whether the plaintiff is entitled to possession of the premises under some provision of the statute, and the defendant unlawfully withholds such possession. Hence, the jurisdiction of the court to try this question is

unaffected by the value of the premises, possession of which is sought to be recovered.

The foregoing are the only questions urged, and these, we think, were correctly decided by the court below, and its judgment is therefore affirmed.

*Affirmed.*