## J. M. Boone *et al. v.* Citizens Bank & Trust Co.*

### (*Nashville,* December Term, 1926.)

Opinion filed January 29, 1927.

**1. WRITTEN INSTRUMENT. Plea, non est factum. Evidence.**

In an action for the recovery upon a promissory note, and plea of non est factum, properly verified, upon production of note, the trial court may, in its discretion, permit the introduction of evidence to disprove the plea. (Post, p. 244.)

Citing and adopting the opinion of the Court of Appeals, and authorities by it cited.

Citing and distinguishing, R. R. v. Hayes, 9 Cates (117 Tenn.), 680. King v. Cox, 126 Tenn. 553.

**2. EQUITY, PLEADING AND PRACTICE. Estoppel.**

An estoppel must be specially pleaded in equity; at least the facts constituting the estoppel must be set out in some pleading, although it is not necessary to employ the term estoppel in such pleading. (Post, p. 249.)

Citing: Turley v. Turley, 85 Tenn., 251; Maryland Casualty Co. v. McTyier, 150 Tenn., 691.

**3. PLEADING AND PRACTICE. Estoppel. At law.**

It is not necessary to specially plead an estoppel by record, or res adjudicata, at law. (Post, p. 249.)

Citing: Estill v. Taul, 10 Tenn. (2 Yerg.), 466; Bugg v. Norris, 12 Tenn. (4 Yerg.), 327; King v. Vaughn, 17 Tenn. (8 Yerg.), 160; Witcher v. Oldham, 36 Tenn. (4 Sneed), 222; Warwick v. Underwood, 40 Tenn. (3 Head.), 237.

**4. SEMBLE**

An estoppel **in pais** may be enforced at law, without any special plea thereof. (Post, p. 249.)

---

*On ratification of forged instruments generally, see annotation in 36 L. R. A. (N. S.) 1006.

As to necessity of pleading estoppel in pias, see 10 R. C. L. 842; 2 R. C. L. Supp., 1089; 5 R. C. L. Supp., 567; 6 R. C. L. Supp., 623.

154 Tenn.—16.

Citing:   Barham v. Turbevill, 31 Tenn. (1 Swan.), 437; Merri-
weather v. Larmon, 35 Tenn. (3 Sneed), 452; Spears v. Walker,
38 Tenn. (1 Head.), 166; Bigelow on Estoppel (6 Ed.), p. 761,
and 763; 21 Corpus Juris, 1241; 10 R. C L., 842; sec. 27; 27 Am.
St. Rep., 344 et seq.

5. SAME. Estoppel. Ratification. Forgery. Negotiable Instrument
Act, sec. 23, Ch. 94, Acts 1899.

A forgery is incapable of ratification, in absence of a new consid-
eration, or circumstances constituting an estoppel in pais. A
party will not be estopped from asserting the truth or enforc-
ing a right, unless by his conduct anothers right has been prej-
udiced. (Post, p. 251.)

Citing:   Negotiable Instrument Law, Acts 1899, ch. 123, sec. 23;
Dry Goods Co. v. Hill, 135 Tenn, 50; sec. 36 L. R. A. (N. S.),
1007; Rogers v. Colville, 145 Tenn., 650; McLamore v. Charles-
ton, etc., R. Co., 111 Tenn., 639; White v. Continental Bank, 64
N. Y., 322; 21 Am. Rep., 612; Moody v. Chesapeake Bank, 51
Md., 562; 34 Am. Rep., 325; Murphy v. Metropolitan Bank, 191
Mass., 354, 114 Am. St., 595; Ganin v. London & San Francisco
Bank, 92 Cal., 14; 27 Am. St. Rep., 82.

---

*Headnotes 1. Appeal and Error, 4 C. J., section 2791; Trial, 38
Cyc., p. 1366; 2. Appeal and Error, 4 C J., section 3013; Bills and
Notes, 8 C. J., section 1029; 3. Estoppel, 21 C. J., section 199 (Anno.);
4. Estoppel, 21 C. J., section 248; 5. Estoppel, 21 C. J., section 248;
6 Bills and Notes, 8 C. J., section 1029; 7. Estoppel, 21 C. J., section
136; 8. Bills and Notes, 8 C. J., section 1302 (Anno.); 9. Bills and
Notes, 8 C. J., sections 1371, 1380 (Anno.).

FROM HOUSTON

Appeal from the Circuit Court of Houston County.—
HON. J. D. G. MORTON, Judge.

H. N. LEECH and W. W. PATTERSON, for plaintiff in
error.

J. M. SPENCER, for defendant in error.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

This suit was brought by the Citizens Bank & Trust Company to recover on a note for $5499.22 appearing to have been executed by J. M. Boone, Sidney Boone, and Robert Boone. There was a judgment for the amount of the note, with interest and attorney's fees, amounting to $6599, against all three defendants. Sidney Boone and Robert Boone appealed in error to the Court of Appeals and that court affirmed the judgment below. Plaintiffs in error thereupon filed a petition for *certiorari* to review the action of the Court of Appeals, which petition was granted, and the case has been argued in this court.

Sidney Boone and Robert Boone filed pleas of *non est factum* properly verified. The Bank introduced the note sued on, proved ownership thereof, and rested. A motion for a directed verdict in favor of Sidney Boone and Robert Boone was then made. Instead of granting the motion, however, the trial judge called attention to the state of the pleadings and permitted the Bank to introduce evidence tending to show that the signatures of Sidney Boone and Robert Boone appearing upon the note were genuine.

This action of the trial judge was assigned for error in the Court of Appeals, plaintiffs in error insisting that such interference by the court below was unjustified; that by reason of their sworn pleas of *non est factum* they had cast upon the Bank the burden of showing that

they executed the note; and that the Bank having failed to introduce proof they were entitled to a directed verdict upon their motion. In an opinion by presiding Judge Faw, the Court of Appeals disposed of this question as follows:

"We find nothing in the cases of *Railroad* v. *Hayes,* 9 Cates, 680, 696-7 and *King* v. *Cox,* 18 Cates, 553, cited for defendants, that is incompatible with the action of the trial judge in permitting the witness Carey to be reintroduced under the circumstances stated.

"But the trial judge is well supported by the rulings of courts of other jurisdictions, where it has been held that the court, in its discretion, may permit the plaintiff to introduce further testimony after the defendant has moved for a peremptory instruction or directed verdict. *Ballowe* v. *Hillman* (Ky.), 37 S. W., 950; *Bridger* v. *Exchange Bank* (Ga.), 8 L. R. A. (N. S.), 463, 466, 115 Am. St. Rep., 118; *Gesas* v. *Railroad* (Utah), 13 L. R. A. (N. S.) 1074, 1080; *I. C. Railroad Co.* v. *Griffin,* 25 U. S. C. C. A. 413, 80 Fed Rep 278, 281; *Dorr Cattle Co.* v. *Railroad,* 128 Iowa, 359; *Union Pac. R. Co.* v. *Edmondson,* 77 Neb., 682; *Oberlander* v. *Confrey,* 38 Kan., 462; *Farmers & M. Bank* v. *Bank,* 46 Kan., 376; *Featherston* v. *Wilson,* 123 N. C., 623; *Kelly* v. *Lumber, etc., Co.,* 22 Colo., 221; *Trumbull* v. *O'Hara,* 68 Conn., 33.

"In some of the cases cited above it is held that the action of the trial court permitting the introduction of further evidence, after a sufficient motion for peremptory instructions, will not be reviewed on appeal. The established rule in this State is that the action of the trial judge in matters within his discretion will not be reviewed except where it is manifest that he has abused

his discretion. We see no evidence of an abuse of discretion in this case. According to the record, the failure of plaintiff's attorney to interrogate the witness Carey (when he was first on the witness stand) with respect to the additional facts to which he testified when re-examined by permission of the court, was due to a misconception on the part of plaintiff's attorney concerning the burden of proof and the distinction between evidence in chief and rebuttal evidence in a suit on a promissory note where a plea of *non est factum* has been filed.

"The purpose of a trial before a jury is the ascertainment of the truth of the case and a just determination and settlement of the respective rights of the parties. When, in the instant case, the plaintiff tendered a witness, then present in court, with a representation from reputable counsel that the witness would testify to pertinent and relevant facts in support of plaintiff's action, we think it was a proper exercise of judicial discretion to admit such testimony. The defendants' first assignment of error is therefore overruled."

This precise point does not seem to have been discussed in any opinion of this court. We think the ruling of the Court of Appeals above set out is sound and are content to adopt the language of that court.

The other matter presented to this court involves a question of ratification or estoppel.

J. M. Boone was conducting a milling business. He was indebted to this Bank in a considerable amount, carried largely as an over-draft, and perhaps some smaller notes. The Bank called upon him for a note representing the greater part of his indebtedness to be signed by himself and by his two brothers, Sidney Boone and Robert

Boone, the plaintiffs in error herein. J. M. Boone agreed to this arrangement and the note was prepared by an officer of the Bank which J. M. Boone signed. The note was entrusted to him with directions to procure upon it the signatures of his two brothers, as aforesaid. According to evidence introduced by the Bank, J. M. Boone shortly thereafter returned the note in suit to it, apparently signed by his brothers as requested.

The Bank carried the note for some time. J. M. Boone made some small payments on it. Finally the note was sent to a neighboring Bank, of which latter Bank Sidney Boone was cashier, for collection. The note was retained by Sidney Boone's Bank for several months. During this time Sidney Boone wrote some letters to the cashier of the Citizens Bank & Trust Company in which he expressed the belief that his brother J. M. Boone would be able to pay off the note if given some time. Robert Boone did not communicate with the Citizens Bank & Trust Company at all about the note in suit, and Sidney Boone did not write or say anything in the way of an admission that his signature or the signature of his brother Robert Boone was genuine.

The proof indicates that after the note was sent to Sidney Boone's Bank, he and his brother Robert Boone had a consultation about the matter with their attorney. While it seems from their testimony they had not signed the note, they remained silent, and did not advise the Citizens Bank & Trust Company that their signatures had not been authorized. The note was returned by Sidney Boone's Bank, after some months, to the Citizens Bank & Trust Company, and somewhat later this suit was brought.

On the trial below the Bank insisted that the signatures of Sidney Boone and Robert Boone to this instrument were genuine and introduced evidence to this effect. This issue was submitted to the jury and his Honor furthermore told the jury in substance that if they found from a preponderance of the evidence that J. M. Boone signed the names of his brothers to said note without authority from them, but thereafter the note was submitted to the brothers for their examination and they decided not to notify the Bank that their signatures were forged and unauthorized, and acted as·though their signatures were all right, and did not tell the Bank that they denied or repudiated their signatures upon this note, such conduct was a ratification of the signing of their names by J. M. Boone, and they would be bound thereby.

It was urged by counsel for the plaintiffs in error in the Court of Appeals that under section 23 of the Negotiable Instruments Act, chapter 94, of the Acts of 1899, there could be no such thing as ratification of a forged signature, and that this instruction was accordingly erroneous.

The Court of Appeals seemed to be of opinion that the first of these propositions was correct, and that a forgery under the Negotiable Instruments Statute was incapable of ratification. This court noted the conflict of authority on this question in *Dry Goods Co.* v. *Hill*, 135 Tenn., 50. Cases on both sides are collected in Note, 36, L. R. A. (N. S.), 1007.

Section 23 of the Negotiable Instruments Act is as follows:

"Where a signature is forged or made without authority of the person whose signature it purports to be,

it is wholly inoperative, and no right to retain the instrument or to give a discharge therefor, or to enforce payment thereof against any party thereto, can be acquired through or under such signature, unless the party against whom it is sought to enforce such right, is precluded from setting up the forgery or want of authority."

The Court of Appeals thought that the uncontradicted evidence in the case tended to show that the plaintiffs in error were precluded from setting up the alleged forgery and that the instruction complained of was not harmful. In the opinion of that court the uncontradicted proof raised an estoppel *in pais* against the plaintiffs in error, and they treated the court's use of the word ratification as an inadvertence. They regarded it immaterial that the trial judge told the jury certain things amounted to a ratification of a forgery when he should have said these things created an estoppel.

It is conceded of course that one may be estopped from denying that his signature is genuine (*Dry Goods Co.* v. *Hill,* supra), but the plaintiffs in error contend, that the Bank interposed no plea of estoppel against them, and that under Tennessee practice an estoppel cannot be relied upon unless specially pleaded.

As heretofore stated, the plaintiffs in error filed pleas of *non est factum* to the declaration upon the note. The Bank did not file a replication to either plea, nor did it amend its declaration, to set out the estoppel upon which it relies.

We have many decisions in which it is broadly stated that estoppel must be specially pleaded. The cases are too numerous to set out here. Perhaps all of them are

suits brought in the chancery court, otherwise such a broad statement was not accurate.

It is quite true that an estoppel must be specially pleaded in equity. At least the facts constituting the estoppel must be set out in some pleading, although it is not necessary to employ the term estoppel in such pleading. *Turley* v. *Turley,* 85 Tenn., 251; *Maryland Casualty Co.* v. *McTyier,* 150 Tenn., 691.

*Turley* v. *Turley,* supra, is a leading case as to the necessity of pleading estoppel in equity, but it is particularly noted in that case that it is not necessary to specially plead an estoppel by record, or *res adjudicata,* at law. It was so held in *Estill* v. *Taul,* 10 Tenn. (2 Yerg.), 466; *Bugg* v. *Norris,* 12 Tenn. (4 Yerg.), 327; *King* v. *Vaughn,* 17 Tenn. (8 Yerg.), 160; *Witcher* v. *Oldham,* 36 Tenn. (4 Sneed), 222; *Warwick* v. *Underwood,* 40 Tenn. (3 Head), 237.

Likewise we have a number of cases where although the question was not discussed, an estoppel *in pais* was enforced at law, apparently without any special plea there of. *Barham* v. *Turbeville,* 31 Tenn. (1 Swan), 437; *Merriweather* v. *Larmon,* 35 Tenn. (3 Sneed), 452; *Spears* v. *Walker,* 38 Tenn. (1 Head), 166.

There seems to have been a conflict of authority as to whether it was necessary to specially plead an estoppel by deed or by record at common law. Bigelow on Estoppel, (6 Ed.), p. 761. As we have just seen our own cases hold that such an estoppel does not have to be specially pleaded at law.

Mr. Bigelow further declares that "It is well settled at common law than an estoppel *in pais* need not be

pleaded." Bigelow on Estoppel (6 Ed.), p. 763. To the same effect see 21 C. J. 1241, 10 R. C. L. 842.

An examination of cases collected in Note 27 Am. St. Rep. 344, et seq., shows some conflict of decision as to the necessity of pleading estoppel and rules could not be formulated which would fit every case. The decisions are influenced by Statutes and by the System of Code pleading adopted in many States where parties to an action are required to state facts constituting their cause of action or ground of defense. We are satisfied, however, that under the common-law pleading in general use in Tennessee an estoppel *in pais* need not be specially pleaded.

Returning now to the judge's charge upon the ratification of forgery. In *Marsh* v. *State Bank & Trust Company,* 153 Tenn., 400, this court concluded the weight of authority to be that a forgery was incapable of ratification, in the absence of new consideration, or circumstances constituting an estoppel *in pais.* In that case the court found that the circumstances constituted an estoppel *in pais.* Our earlier cases reviewed in *Marsh* v. *State Bank & Trust Company,* are inconclusive and, for sake of uniformity under the Statute, if for no other reason we adopt the majority rule.

We are unable to agree with the Court of Appeals that the instruction as to ratification can be treated as a proper charge upon estoppel. It is fundamental that a party will not be estopped from asserting the truth or enforcing a right which he was otherwise entitled to, unless by his conduct anothers right has been prejudiced. *Rogers* v. *Colville,* 145 Tenn., 650; *McLemore* v. *Charles-*

*ton, etc., R. Co.,* 111 Tenn., 639. This thought was altogether omitted from the charge upon ratification.

One suing on a Negotiable Instrument, who asserts that another, apparently a party thereto, is precluded from setting up a forgery, must show that he has been damaged by the conduct of the latter party. *White* v. *Continental Bank,* 64 N. Y., 322, 21 Am. Rep., 612; *Moody* v. *Chesapeake Bank,* 51 Md., 562, 34 Am. Rep., 325; *Murphy* v. *Metropolitan National Bank,* 191 Mass., 354, 114 Am. St., 595; *Ganin* v. *London & San Francisco Bank,* 92 Cal., 14, 27 Am. St. Rep. 82.

The Court of Appeals obviously recognized this difficulty but escaped it by finding that the evidence without conflict indicated that the Bank herein was injured by the conduct of plaintiffs in error. A careful examination of the testimony leads us to a contrary conclusion. J. M. Boone was largely overdrawn at the Bank when the note in suit was procured. The Bank required the signatures of his brothers on the note. In his own testimony, J. M. Boone said he was worth nothing. True he had some accounts due him in respect to his milling business, but said that he had realized little or nothing on them. There is some evidence that he had an undivided interest in certain property, but it does not appear what such interest was worth, or what became of it. Such money as his brother Sidney owed him went to the Bank anyhow.

Without further reviewing the evidence (and it is not very clear) we think it cannot be said as a matter of law that J. M. Boone was solvent, or had assets which the Bank could have reached and realized upon, at the time the note sued on was submitted to the examination

of Sidney Boone and Robert Boone. J. M. Boone had not fled and can still be reached and prosecuted for forgery and is still available as a witness. Therefore, we think it could not be said as a fact upon uncontroverted evidence that the Bank was prejudiced by the delay of Sidney Boone and Robert Boone in communicating their repudiation of their signatures appearing on said note. It seems to us that the question, whether or not the Bank was injured by this silence and delay, was a question for the jury.

For the reasons stated the judgment of the Court of Appeals is reversed and the cause remanded for a new trial.