BELLISOMI *et al. v.* KENNY.

(*Nashville,* December Term, 1947.)

Opinion filed December 12, 1947.

E. W. HALE, JR., JOHN GALELLA and ARTHUR J. GEMIGNANI, all of Memphis, for plaintiff in error.

CAMPBELL YERGER and W. G. CAVETT, both of Memphis, for defendant in error.

PER CURIAM:—This case involves the right of the plaintiff to take a nonsuit. The trial judge sustained a motion for a nonsuit at the conclusion of the plaintiff's

evidence and at a time when the defendant's motion for a directed verdict was being discussed but not actually announced. The Court of Appeals affirmed the trial court. The defendants have petitioned for *certiorari*, complaining that this was error. The Court of Appeals' opinion is so clear and logical in its conclusions that we adopt it as the opinion of this Court. We elide the argument of counsel, to which the trial judge made response, for the sake of brevity.

The opinion is as follows:

"This was an action for damages for the death of the plaintiff's intestate, which is alleged to have been due to the negligence of the defendants. The trial was begun before the Court and a jury. The sole question for decision is whether the trial judge erred in allowing the plaintiff to take a non-suit. The contention of the defendants is that the plaintiff's request for leave to take a non-suit came too late.

"At the conclusion of the plaintiff's proof, the defendants moved the Court to peremptorily instruct the jury to return a verdict in their favor. During the argument of the motion, the jury was excused for the day. At the conclusion of the argument the judge announced that he would adjourn until the following morning, reserving his decision on the pending motion until that time. Upon the convening of court the next morning, the plaintiff moved to be allowed to re-open the case to put on another witness. This motion was argued and overruled. Whereupon His Honor, Judge HENDERSON, began the delivery of his opinion disposing of the defendants' motion for a directed verdict, in the course of which he reviewed and carefully analyzed all the evidence, covering specifically some fifteen different points made by the plaintiff in support of her cause of action. Following this analysis,

His Honor began the announcement of his conclusion with respect to the disposition of the motion for a directed verdict. Specifically, the record reflects the following:

" 'To leave this case with the jury, or to submit this case to the jury, would in my opinion be permitting the jury to wholly speculate and hazard a guess—

" 'Mr. Yerger: If the court please, may I take a non suit.

" 'Mr. Galella: If the court please, that is objected to upon the ground that your Honor was already in the act of deciding this case, and therefore he cannot do it now; it is too late to take a non suit. I think there is a later decision on that particular point, that he cannot take a non suit when the decision is being made by the court, or while it is being made by the jury. A non suit can be taken at any time while the jury may be deliberating; when the jury has decided, then the non suit comes too late.

" ' (Here argument of counsel and response by the trial judge is elided for the sake of brevity.)

" 'So, I am of the opinion that the plaintiff's motion to take a voluntary non suit should be sustained in that I have not definitely and finally sustained your motion for a directed verdict.'

■ "We are satisfied that Judge HENDERSON was correct not only with respect to the rule but also with respect to the reason therefor. The question is controlled by the case of *Graves* v. *Union Railway Co.*, 177 Tenn. 699, 152 S. W. (2d) 1026, 1029, wherein, after a review of the authorities, the court concluded: 'We are of opinion that after a trial judge has definitely sustained a motion for a directed verdict, as distinguished from merely intimating or suggesting that such will be his action,—a practice commonly taken as an invitation for further

argument, or, sometimes, as a suggestion of an opportunity for taking of a nonsuit,—a motion for a nonsuit comes too late.'

■■■ "This rule, in our opinion was adopted to promote the discretion of the trial judge in directing the course of a trial. The ascertainment of the truth and a just determination of the respective rights of the parties insofar as this can be accomplished consistent with rules essential to the administration of justice, is the purpose of all judicial inquiry. Notwithstanding the constitutional restrictions on his power with respect to disputed issues of fact where the trial is before a jury, the function of the judge of a law court is not limited to that of a mere referee or umpire between contestants in a game of skill. Upon the contrary, in many respects he has wide discretion to be exercised in the promotion of the purpose for which the trial is had, and he is required to bear in mind that 'courts are made for complainants (or plaintiffs): defendants neither need nor desire courts.' . . . The court should really favor the party on whom the burden of proof rests, so as to give him a reasonable opportunity to prove his case. Gibson's Suits in Chancery, Sec. 521, Note 5. This, as Mr. Gibson shows, is the modern view, and while it is said with particular reference to the discretion a judge or chancellor has in allowing a motion for the continuance of the case, it applies generally. Thus it is settled in this state that the judge in his discretion may permit a plaintiff to introduce further evidence after the defendant has moved for a directed verdict. *Boone* v. *Citizens' Bank & Trust Co.*, 154 Tenn. 241, 290 S. W. 39, 50 A. L. R. 1369; *Petway* v. *Hoover*, 12 Tenn. App. 618.

■■■ "It was in aid of this rule that the one applied by Judge HENDERSON was promulgated. The judge is

thereby left a sound discretion to be exercised according to what he thinks is required of a tribunal engaged primarily in dispensing justice. If he thinks the purpose can best be served by cutting off the right to a non-suit, then, as Judge HENDERSON points out, he can announce his formal decision immediately after the motion for a directed verdict and argument thereon, if any, and then, if he choose, give the reasons for his decision.

"Upon the other hand, if he thinks that justice requires, he can leave that right temporarily intact by first discussing the issues of law and fact, withholding definite action on the motion until he has concluded, or until he goes through the usual formality of instructing the jury as to the verdict they shall return, all in the expectation that the plaintiff will anticipate the decision and take advantage of the opportunity thus afforded him if he care to do so. *Graves* v. *Union Ry. Co., supra.*

"Customarily, as indicated, after he has reached a decision, the judge calls in the jury or turns to them if they have remained in the box, and formally directs them to return a verdict, explaining, as a courtesy, why the case is not submitted to them for a decision. But the right to take a non-suit does not exist during this formal ceremony unless, prior thereto, there has been no definite announcement of the decision on the motion for a directed verdict.

"To sum up, the judge can cut off the right to a non-suit by a definite announcement of his decision, either before or after a discussion of his reasons, and before the formality of directing the jury to return a verdict, or, following the making of the motion and the discussion with respect thereto, if any, he may withhold a formal announcement of his decision until he makes it in directing the jury to return a verdict. But in either or any

event, it is the definite and formal announcement of the decision on the motion for a directed verdict, whenever made, which ends the right to a non-suit, and not the completion of the ceremony of instructing the jury as to the verdict they must return. This is our interpretation of the opinion in *Graves* v. *Union Ry. Co., supra.*

"The result is that the judgment is affirmed at the cost of the defendants.

"Anderson, Presiding Judge."

The petition for *certiorari* is denied.