JULIUS MICHAEL HARRIS,           )
                                 )
          Plaintiff/Appellant,   )
                                 )          Williamson Circuit
                                 )          No. 92421
VS.                              )
                                 )          Appeal No.
                                 )          01-A-01-9511-CV-00518
SUZANNE ZULIEME HARRIS,          )
                                 )
          Defendant/Appellee.    )

FILED

May 3, 1996

Cecil W. Crowson
Appellate Court Clerk

IN THE COURT OF APPEALS OF TENNESSEE

MIDDLE SECTION AT NASHVILLE


APPEAL FROM THE CIRCUIT COURT OF WILLIAMSON COUNTY

AT FRANKLIN, TENNESSEE


HONORABLE LEE OFMAN, SPECIAL JUDGE



THOMAS F. BLOOM
500 Church Street
Fifth Floor
Nashville, Tennessee 37219
ATTORNEY FOR PLAINTIFF/APPELLANT


E. COVINGTON JOHNSTON, JR.
P.O. Box 1608
Franklin, Tennessee 37065
ATTORNEY FOR DEFENDANT/APPELLEE


MODIFIED, AFFIRMED AND REMANDED



                         HENRY F. TODD
                         PRESIDING JUDGE, MIDDLE SECTION



CONCUR:
BEN H. CANTRELL, JUDGE
WILLIAM C. KOCH, JR., JUDGE

JULIUS MICHAEL HARRIS,      )
                         )
        Plaintiff/Appellant,     )
                         )      Williamson Circuit
                         )      No. 92421
VS.                       )
                         )      Appeal No.
                         )      01-A-01-9511-CV-00518
SUZANNE ZULIEME HARRIS,    )
                         )
        Defendant/Appellee.     )

O P I N I O N

The plaintiff/ex-husband has appealed from the dismissal of his post-divorce decree petition seeking relief from child support and change of custody.

The record does not reflect when these parties originally married. However, it does appear that their first child, Jonathan, was born July 24, 1983. The parties were divorced in 1986 and remarried on December 18, 1987. A second child, Hamilton, was born on November 29, 1988. On February 5, 1993, the parties were again divorced by a decree which appears in this record.

The latter, 1993, decree adopted a marital dissolution agreement providing:

> 1. Husband and wife agree to share the joint legal custody of the minor children of the parties, Jonathan Michael Harris and Hamilton Carter Harris, and they agree to participate jointly in the formulation of major parental decisions regarding said minor children. The partes further agree that wife shall be permitted to individually retain the primary physical custody and control of said minor children and husband shall have reasonable visitation with said minor children, including privileges on three (3) weekends per month from approximately 6:00 p.m. on Friday evening until approximately 12:00 p.m. on Sunday evenings; privileges during three (3) weeks during the summer vacation period, said such privileges to be established by agreement of the parties in sufficient time to allow each of the parties to plan their vacations accordingly; privileges for one-half (½) of any long vacation periods; and privileges on Easter Day, Memorial Day, July 4th, Labor Day and Thanksgiving Day on an alternating basis from year [to year]; as well as privileges at such other times as may be mutually agreed upon.

2. Commencing upon the execution of this Marital Dissolution Agreement, husband agrees to pay to wife the sum of $580.00 per month as child support for the minor children of the parties. . . .

3. As additional child support, husband agrees that he will maintain major medical and hospitalization insurance on behalf of the minor children of the parties until each child attains majority or marries, whichever event occurs first. . . .

On April 11, 1994, the husband initiated the present proceeding by filing a "Petition to Modify" wherein he alleged:

. . . 2. That during the parties first marriage, on July 24, 1983, respondent gave birth to Jonathan Michael Harris, whom respondent represented to be the natural child of the petitioner.

3. That the parties separated in June, 1992. Pursuant to a mutual agreement, and based upon affirmative misrepresentations as to the true paternity of the minor child, from June, 1992, through March 15, 1994, the petitioner paid to the respondent the monthly sum of $580.00 per month as child support for the parties two (2) minor children.

. . . 4. During the course of the divorce proceeding, the respondent affirmatively and fraudulently misrepresented to both the petitioner and the Court that the minor child, Jonathan Michael Harris, was the natural child of the petitioner. . . .

5. That in February, 1994, petitioner subjected himself and the parties' oldest child, Jonathan Michael Harris, to DNA tests to establish the true paternity of the child. The results of said DNA tests established that petitioner is excluded as the biological father of the child, Jonathan Michael Harris, by DNA probe technology.

The petition prayed:

2. That at a hearing of this cause, the Final Decree of Divorce be altered or otherwise modified pursuant to Rule 60.02, Tennessee Rules of Civil Procedure, to strike therefrom any and all provisions requiring the respondent to contribute in any manner, financially or otherwise, to the support and maintenance of the minor child, Jonathan Michael Harris.

The wife answered denying any misrepresentation of the parentage of Jonathan and asserting her belief that the petitioner was his father. The answer further denied that there was any legal basis for modifying child support, and asserted that the time for retroactive

modification had passed and that retroactive modification would not be for the best interest of the child.

By counter-petition, as amended, the wife asserted that the husband had reduced child support payments without authorization; had failed to exercise visitation as authorized; and had failed to provide health care insurance ordered. The counter-petition prayed for enforcement of arrears support and insurance requirements by judgment and contempt, and for sole custody and control of both children.

On October 25, 1994, the parties filed the following stipulation:

> It is hereby stipulated by and between counsel for the respective parties that the written report of the DNA test results by Genetic Design, Inc., concerning the paternity of Jonathan Michael Harris is admissible without the need for any foundation, testimony or other proof of the authenticity.

On November 7, 1994, the husband filed a response to the wife's counter-petition and an "Amended Petition to Modify or Set Aside" alleging that the wife shared a residence with her boyfriend, had neglected the cleanliness and health of the children, and had permitted her boyfriend to corporally punish the children.

The wife's answer asserted that her residence facilities were adequate and denied abuse of the children by her boyfriend.

On November 22, 1994, the Trial Judge heard the cause without a jury. On June 14, 1995, the Trial Judge entered an order containing the following:

> . . . [T]he Court finds that the child born during marriage presumption continues and has continued through two (2) divorce cases involving these parties; that the DNA test itself was not put into evidence and that the petitioner's opinion of the test is not creditable; that no fraud was committed on the part of respondent, hereinafter referred to as Ms. Harris, . . . [T]hat no proof was shown that change of custody is warranted; that the proof shows Ms. Harris to be a good mother; that the Court feels the two (2) children should remain together and

custody should remain as it was with the parties having joint custody of the minor children; that the parties should work together in the best interests of the two (2) children; that Mr. Harris should pay the child support arrearage owing; . . . 1. A directed verdict is hereby granted on the issue of modification of the previous final order entered in this cause . . . . 2. Mr. Harris' petition for change of custody of the parties' youngest child is hereby denied. 3. Custody of the parties' two (2) minor children shall remain as it was with the parties having joint custody of the minor children. 4. Mrs. Harris is hereby awarded judgment against Mr. Harris for the child support existing in arrears and Mr. Harris should continue paying child support as previously ordered.

On July 14, 1995, the petitioner-husband moved to alter or amend or grant a new trial on the following grounds:

I. The Trial Court erred in failing to allow petitioner to reopen his proof based upon the Court's misunderstanding that it was without authority to do so after a motion for directed verdict had been made by respondent.

II. The Trial Court erred in applying T.C.A. §36-2-207 and finding that the presumption of legitimacy continued pursuant to said section.

On the same date, the Trial Clerk again filed the above quoted stipulation.

Following the stipulation filed on July 14, 1995 in the technical record is a laboratory report which is not marked filed or made an exhibit to the stipulation. There is no evidence that the stipulation or the report was presented to the Trial Court during the trial on November 22, 1994.

The transcript contains the following discussion:

Mr. Young: Yes sir, to deny a modification of the 1993 order. There is no proof in this record to justify that, if it please the Court, at this point in time.

The Court: So you're asking for a directed verdict on denying change of custody and modification of the February '93 order?

. . . .

The Court: Would you address those issues?

-5-

Mr. Brent: Yes, sir, I'd like to.

. . . .

As far as there being no basis for a modification, we submitted the deposition of a Ph.D. wherein she determines that it's biologically impossible for this man to be the father of the child.

The Court: Is that in this Court?

Mr. Brent: Yes, Your Honor, it's right there.

The Court: That wasn't put into the proof, was it?

Mr. Brent: It was submitted for the Court; it's in the record. We have stipulated to the test.

The Court: Well, you stipulated to the test, but did you stipulate --

Mr. Young: We did not stipulate to the admissibility, if it please the Court; it hasn't been put in the proof.

Mr. Brent: It's been filed -- the notice of filing was sent to Mr. Young as part of the record.

The Court: Well, I know it's been filed, but --

Mr. Young: It's filed with the clerk, but it's not part of the record.

The Court: You haven't put it into evidence, have you?

Mr. Young: And closed his proof.

Mr. Brent: Well, if it's the Court's position that the filing of that and the notice to the other party, that it was filed with the Court to be considered by the Court is not part of the proof, then I would move the Court to open my proof.

The Court: Wait, wait, wait. Now, you correct me if I'm wrong, but the filing of documents doesn't constitute admissibility of evidence; does it --

Mr. Young: No, sir.

The Court: -- Mr. Brent; I mean, do you agree with that?

Mr. Brent: Well, it was filed with the Court for the purposes of being admitted and Mr. Young was put on notice.

The Court: But you didn't admit it.

Mr. Brent: Well, if that be the case, then I would respectfully move the Court to reopen my proof to admit it.

-6-

The Court: Well now, we have got a directed verdict you're faced with and I can't reopen the proof now that he's raised it. I would have done that gladly prior to that.

Mr. Brent: That's okay, I'll back up then. We have stipulated to the admissibility of the DNA test; that has been done.

The Court: The admissibility?

Mr. Brent: Yes, Your Honor.

The Court: Is that right, Mr. Young?

Mr. Young: No, sir.

Mr. Brent: To the authenticity of it, so --

Mr. Young: Without the need for a foundation testimony of proof of the authenticity.

Mr. Brent: He's correct, Your Honor, we submitted it only for authenticity, so that's part of the record.

The Court: Well, that just says the document is what it says it is.

Mr. Brent: That the document says that he's not the father.

The Court: Well, that doesn't mean it's true.

. . . .

The Court: You understand -- or at least it's my position-- and I may be wrong about this, Mr. Brent--but on motions for summary judgment or directed verdict, once that motion is made you can't go back and reopen the proof.

Now, there's some things that you can allow to be done on certain motions where you can reopen the proof, but I think on motions for summary judgment and directed verdict, and they both have the same standards, I don't think you can reopen proof.

Mr. Brent: Well, I would just submit -- my understanding was we could, of course, move for a non-suit at the time that he makes that -- after he makes his case.

The Court: Well, you can't do that either.

Mr. Brent: Which we haven't done as far as to reopening the proof.

The Court: Show me some authority that says I can do it and I'll do it.

Mr. Brent: I don't have that and I'm not possessed with that authority right now.

The Court: I don't know of any law, but if I'm wrong I'll be glad to let you reopen your case. . . .

The brief of appellant contains the following:

. . . In fact, the DNA Report itself was not attached to the stipulation because the wife's attorney filed the stipulation and, contrary to the husband's attorney's instructions, by mistake or otherwise, failed to attach the Report. (Tr. At 153, L. 3-17).

The cited portion of the transcript states:

The Court: Well, are you done?

Mr. Brent: Well, just again, just for the record, our position was that the parties had stipulated to -- and just for record, just for clarification purposes, because Mr. Young is correct; we did -- I wrote him the stipulation, he wrote me back identifying what had to be deleted from the stipulation. He did not prepare it; he wrote me back saying what had to be from the stipulation for the report to be admissible or authenticated.

I corrected the stipulation and mailed it back to him with a copy of the test; I received it back signed by him indicating it was a copy and my instructions to him in the letter was file this with the Court.

The record is unclear as to whether the laboratory report was ever filed. It is not so marked.

The husband-appellant has presented two issues on appeal, of which the first is:

1. Whether the Special Judge erroneously held that a Court is without authority to allow a reopening of proof after the opposing party has filed a motion for a directed verdict.

A motion for directed verdict has no place in a non-jury proceeding, for there is no jury to receive such a direction or to render such a verdict.

If, in a non-jury trial, at the conclusion of his evidence, a plaintiff has failed to present evidence required to support his claim, the proper motion is a motion to dismiss. T.R.C.P. Rule 41.02(2); *City of Columbia v. CFW Constr. Co.,* Tenn. 1977, 557 S.W.2d 734.

The reopening of proof is within the sound discretion of the Trial Judge; *Simpson v. Frontier Communications,* Tenn. 1991, 810 S.W.2d 147.

A Trial Judge has discretion to permit a plaintiff to introduce further evidence after the defendant has moved for a directed verdict. *Bellisomi v. Kenny,* 185 Tenn. 551, 206 S.W.2d 787 (1948); *Nash v. Love,* 59 Tenn. App. 273, 440 S.W.2d 593 (1969).

However, it is error for a Trial Judge to reopen the proof and continue the case to permit a party to call a witness who was available on the trial date. *Higgins v. Stride,* 47 Tenn. App. 42, 335 S.W.2d 533.

In response to the first issue, this Court holds that the Trial Judge erroneously held that he was without authority to reopen the plaintiff's proof after a defendant's motion for dismissal.

Appellant's second issue is:

> 2. Whether the Special Judge erroneously held that a plaintiff cannot take a voluntary nonsuit after the defendant files a motion for directed verdict.

In a non-jury case, the plaintiff has the right of voluntary dismissal until the case is finally submitted to the Court for consideration. T.R.C.P. Rule 41.01; *Weedman v. Searcy,* Tenn. 1989, 781 S.W.2d 855.

Thus, the Trial Judge was in error in holding that plaintiff could not take a voluntary dismissal because a "motion for directed verdict" had been made. However, it does not

appear that petitioner actually filed or announced a non-suit, and no official action was taken to nullify such a filing, or announcement.

The foregoing disposes of the issues presented by appellant, but is not dispositive of the primary issue of whether the Trial Judge should have dismissed the petition.

Essentially, the husband sued to set aside two divorce decrees, (one included in this record and one omitted). The 1993 decree in this record, and the agreement of the parties included therein, recognized the parties as the parents of the subject child. It must be presumed that the 1986 decree which is not in this record recognized the same fact.

T.R.C.P. Rule 60.02 (1) and (2) authorizes relief from final judgments for mistakes or fraud if brought within one year after the judgment. This suit was not brought within one year after the latest, 1993, judgment.

The same rule preserves existing right to relief for "fraud upon the Court." However, this Court does not find that the circumstances of the present case justify retroactive relief from the former decrees, for "fraud upon the Court" or any other ground, even if non-parentage should be conclusively shown by competent evidence.

Rule 60.02(5) provides for actions "for any other reason justifying relief from the operation of the judgment." The one year limitation does not apply to this ground of relief. However, this subsection has been narrowly construed to provide relief in only extraordinary circumstances. *Tyler v. Tyler,* Tenn. App. 1984, 671 S.W.2d 492.

Rule 60.02(4) authorizes relief if "it is no longer equitable that a judgment should have prospective application." The period of limitation for claims under this section is

"within a reasonable time." This Court cannot find as a matter of law that plaintiff's claim under subsection (4) is barred by lapse of "a reasonable time."

Although the refusal to reopen the proof was harmless as to the effort of petitioner to alter the previous judgments, it was prejudicial and reversible as to limited relief from further payment of support for the subject child on the ground that such relief was justified by the facts which petitioner proposed to prove if permitted to do so.

The appellee presents no issue as to the disposition of her petition.

The judgment of the Trial Court is modified to reopen the proof to hear competent evidence as to whether or not petitioner is the natural father of the subject child and whether the claim under Rule 60.02(4) was brought within a reasonable time, for the sole purpose of determining whether it is no longer equitable that the judgment should have prospective application, i.e., whether plaintiff should be required to pay further child support for said child.

As modified, the judgment of the Trial Court is affirmed. Costs of this appeal are taxed equally to the parties. That is, each party is required to pay one-half of the costs of this appeal. The cause is remanded to the Trial Court for further proceedings.

Modified, Affirmed and Remanded.

_____
HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:

_____
BEN H. CANTRELL, JUDGE

-11-

_____
WILLIAM C. KOCH, JR., JUDGE