IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
August 15, 2012 Session

## DANNY E. ILOUBE, SR. v. DON M. CAIN

**Direct Appeal from the Circuit Court for Shelby County**
**No. CT-000349-08     Robert Samuel Weiss, Judge**

**No. W2011-02460-COA-R3-CV - Filed August 30, 2012**

This action arises from an automobile accident. The trial court granted Defendant's motion for a directed verdict on Plaintiff's claim for damages for medical expenses at the close of proof. The jury returned a verdict in favor of Defendant on Plaintiff's claim for pain and suffering and loss of earning capacity. On appeal, Plaintiff asserts the trial court erred by granting the directed verdict on his claim for medical expenses. We reverse and remand for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

DAVID R. FARMER, J., delivered the opinion of the Court, in which HOLLY M. KIRBY, J., and J. STEVEN STAFFORD, J., joined.

Ralph T. Gibson, Memphis, Tennessee, for the appellant, Danny E. Iloube, Sr.

Robert L. Moore, Memphis, Tennessee, for the appellee, Don M. Cain.

## OPINION

This lawsuit arises from an October 2004 automobile collision. Following a voluntary nonsuit in January 2007, in January 2008 Plaintiff Danny E. Iloube, Sr. (Mr. Iloube) re-filed a complaint for damages against Defendant Don M. Cain (Mr. Cain) in the Circuit Court for Shelby County. In his complaint, Mr. Iloube asserted claims of negligence and negligence *per se*. He sought damages for personal injuries including pain and suffering, medical expenses, loss of earning capacity, and property damages. Mr. Iloube alleged damages in the amount of $200,000, and demanded a trial by jury. Mr. Cain answered, denying allegations of negligence and negligence *per se* and asserting the defense of comparative fault. The

matter was tried by a jury in November 2010. The jury was unable to reach a verdict, and the trial court entered a order of mistrial in December 2010.

The matter again was heard before a jury on July 18-20, 2011. Prior to opening statements, the trial court granted Mr. Cain's oral motion in limine to bar Mr. Iloube from introducing evidence that Mr. Cain had paid property damages in the amount of $1400, but permitted Mr. Iloube to testify that the cost to repair his vehicle was $1400. At the close of proof, the trial court granted Mr. Iloube's motions for a directed verdict on the issues of liability and Mr. Cain's defense of comparative fault. It also granted Mr. Cain's motion for a directed verdict on Mr. Iloube's claim for medical expenses, but denied Mr. Cain's motion for a directed verdict on Mr. Iloube's claims for pain and suffering and loss of earning capacity. The jury returned a verdict in favor of Mr. Cain, finding that Mr. Iloube had sustained no damages.

Mr. Iloube filed a motion for a new trial in August 2011. In his motion, Mr. Iloube asserted the trial court erred by granting Mr. Cain's motion in limine; by granting a partial directed verdict on the issue of Mr. Iloube's medical expenses; and by refusing Mr. Iloube's request for a special verdict form. He also asserted that there was no evidence to rebut "the fact that an injury occurred," and that the verdict was against the weight of the evidence. On September 30, 2011, the trial court denied Mr. Iloube's motion for a new trial and Mr. Iloube filed a timely notice of appeal to this Court.

### *Issues Presented*

Mr. Iloube presents the following issues for our review, as we slightly reword them:

(1)    Whether the trial court erred by granting Mr. Cain's motion for a directed verdict on Mr. Iloube's claim for medical expenses.

(2)    Whether the trial court erred by finding that there was evidence to rebut proof of injury.

(3)    Whether the trial court erred by denying Mr. Iloube's motion for a new trial on the grounds that the verdict was against the weight of the evidence.

(4)    Whether the trial court erred by granting Mr. Cain's motion in limine.

(5)     Whether the trial court erred by denying Mr. Iloube's request for a special verdict form.

## *Discussion*

We turn first to whether the trial court erred by granting Mr. Cain's motion for a directed verdict on Mr. Iloube's claim for medical expenses. In his brief, Mr. Iloube asserts the trial court erred by granting Mr. Cain's motion for a directed verdict based on Mr. Cain's assertion at trial that application of the best evidence rule compelled judgment in his favor. Mr. Iloube asserts that, although he did not enter his medical bills into evidence, his medical expenses, and the necessity and reasonableness thereof, were established through competent medical proof. Mr. Iloube asserts that he complied with Tennessee Code Annotated § 24-5-113(b), submitting itemized bills in excess of $10,000 to Mr. Cain in advance of the 90-day period prescribed by the statute. He further asserts that his medical expenses were established by the testimony of Dr. Vernois Buggs ("Dr. Buggs"), whose 2010 trial testimony was read into the record. Mr. Iloube asserts that Dr. Buggs testified that Mr. Iloube had incurred reasonable and necessary medical expenses in the amount of $10,630.30, and that Mr. Cain had waived any objection to Dr. Cain's testimony where he did not object to it at the first trial of this matter. Mr. Iloube further asserts that Mr. Cain raised no objection to the evidence until he moved for a directed verdict, and that the trial court erred by denying his request to reopen proof on the issue to allow him to enter the medical bills into evidence. Mr. Iloube asserts that Mr. Cain's strategy was "classic sandbagging," which Rule 1.03 of the Tennessee Rules of Evidence was designed to prevent. Mr. Iloube asserts the trial court erred by granting Mr. Cain's motion for a directed verdict in light of the rebuttable presumption provided by section 24-5-113.

Mr. Cain, on the other hand, asserts he did not waive any objection to Mr. Iloube's evidence of medical expenses by failing to object to the evidence at the first trial of this matter. He further asserts that application of the best evidence rule requires exclusion of Mr. Iloube's evidence of medical expenses. Mr. Cain asserts that medical bills constitute "writings," and that without the actual bills, Mr. Iloube cannot rely on Dr. Buggs' testimony for proof of medical expenses. He further asserts that the trial court did not abuse its discretion by denying Mr. Iloube's motion to re-open the proof.

A directed verdict is appropriate only when one conclusion reasonably may be reached from the evidence. *Johnson v. Tennessee Farmers Mut. Ins. Co.*, 205 S.W.3d 365, 370 (Tenn. 2006). If there is any dispute regarding material evidence, or any doubt regarding the conclusion to be reached from the evidence, a motion for directed verdict must be denied. *Id.* We review a trial court's disposition of a motion for directed verdict *de novo*, with no presumption of correctness. *Duran v. Hyundai Motor Am., Inc.*, 271 S.W.3d 178, 206 (Tenn.

Ct. App. 2008) (citations omitted). Like the trial court, the appellate court "must 'take the strongest legitimate view of the evidence in favor of the non-moving party, construing all evidence in that party's favor and disregarding all countervailing evidence.'" *Sanford v. Waugh & Co., Inc.*, 328 S.W.3d 836, 848 (Tenn. 2010)(quoting *Johnson v. Tenn. Farmers Mut. Ins. Co.*, 205 S.W.3d 365, 370 (Tenn. 2006)).

We begin our discussion of this issue by noting that, contrary to Mr. Iloube's assertion, Mr. Cain's failure to object to Mr. Iloube's medical evidence at the first trial of this matter does not constitute a waiver. A new trial has been said to "vacat[e]" the earlier one; it is not a continuance, but an entirely new proceeding. *Garner v. State*, 13 Tenn. 160 (Tenn. 1833); *see State v. Brooks*, No. M2000-00909-CCA-R3-PC, 2001 WL 839661, at *3 (Tenn. Crim. App. July 25, 2001), *perm. app. denied* (Tenn. Dec. 17, 2001). The failure to raise an objection at the first trial does not preclude an objection at the second trial. *Nashville v. C. & St. L. Ry. Co.*, 78 Tenn. 351 (Tenn. 1882).

We turn next the trial court's entry of a directed verdict on Mr. Iloube's claim for medical expenses based on the best evidence rule and the trial court's denial of Mr. Iloube's motion to re-open the proof to allow him to enter his medical bills into evidence. As Mr. Iloube asserts, upon review of the record we note that Mr. Cain's objection to Mr. Iloube's proof of medical expenses was based entirely on the best evidence rule. Mr. Cain asserted in the trial court that Mr. Iloube's medical bills constituted a "writing" and that "if you're going to introduce proof of a writing, like a bill, then the law says it is required that the original or a copy of that writing be introduced into evidence." Mr. Cain's argument, as we perceive it, is that without the actual bills, there can be no proof of medical expenses, and that the trial court's decision not to re-open the proof was within its sound discretion.

Under the best evidence rule, "[t]o prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required, except as otherwise provided[.]" Tenn. R. Evid. 1002. The original writing is not required, and other evidence of the writing is admissible, if the original has been lost or destroyed; if the original is not obtainable; if the original is in the possession of the opposing party; or if the writing is not related closely to a controlling issue. Tenn. R. Evid. 1004. The contents of a voluminous writing may be presented in the form of a summary. Tenn. R. Evid. 1006. The party seeking to prove the contents of a writing generally is required to introduce the original writing or a duplicate. *Integon Indem. Corp. v. Flanagan*, No. 02A01-9812-CH-00382, 1999 WL 492656, at *4 (Tenn. Ct. App. July 13, 1999 (citing *see* Tenn. R. Evid. 1002, 1003)). The best evidence rule is a rule of preference rather than exclusion. *Id*. (citations omitted). It "does not exclude evidence but rather requires the introduction of the best available form of the evidence." *Id*. (quoting *State ex rel. Glover v. Osteen*, No. 01A01-9304-CV-00244, 1995 WL 546958, at *3 (Tenn. Ct. App. Sept.15, 1995)). The rule is premised on the theory that

"only the best or most accurate proof of written or similar evidence should be admitted, to the exclusion of inferior sources of the same proof, absent some extraordinary justification for the introduction of secondary evidence." *Id*. (quoting Neil P. Cohen et al., Tennessee Law of Evidence § 1001.0, at 496 (2d ed. 1990)).

The best evidence rule has evolved somewhat into an "original document" rule, under which "'[t]o prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required, except as otherwise provided in these rules or by Act of Congress or the Tennessee Legislature.'" *State v. Sword*, No. 03C01-9203-CR-00074, 1993 WL 100192, at *2 (Tenn. Crim. App. Mar. 31, 1993), *perm. app. denied* (Tenn. Aug. 2, 1993) (quoting Tenn. R. Evid. 1002). Thus, the first inquiry is whether it is the "content of a writing" that the party offering evidence is attempting to prove. *Id.*

Mr. Iloube's argument, as we perceive it, is that the best evidence rule does not apply in this case in light of the presumption created by Tennessee Code Annotated § 24-5-113. This section provides:

> (a)(1) Proof in any civil action that medical, hospital or doctor bills were paid or incurred because of any illness, disease, or injury may be itemized in the complaint or civil warrant with a copy of bills paid or incurred attached as an exhibit to the complaint or civil warrant. The bills itemized and attached as an exhibit shall be prima facie evidence that the bills so paid or incurred were necessary and reasonable.
>
> (2) This section shall apply only in personal injury actions brought in any court by injured parties against the persons responsible for causing such injuries.
>
> (3) This prima facie presumption shall apply to the medical, hospital and doctor bills itemized with copies of bills attached to the complaint or civil warrant; provided, that the total amount of such bills does not exceed the sum of four thousand dollars ($4,000).
>
> (b)(1) In addition to the procedure described in subsection (a), in any civil action for personal injury brought by an injured party against the person or persons alleged to be responsible for causing the injury, if an itemization of or copies of the medical, hospital or doctor bills which were paid or incurred because of such personal injury are served upon the other parties at least ninety (90) days prior to the date set for trial, there shall be a rebuttable presumption that such medical, hospital or doctor bills are reasonable.
>
> (2) Any party desiring to offer evidence at trial to rebut the presumption shall serve upon the other parties, at least forty-five (45) days prior to the date set for trial, a statement of that party's intention to rebut the presumption. Such

statement shall specify which bill or bills the party believes to be unreasonable.

Tenn. Code Ann. § 24-5-113 (2000).

Compliance with this statute constitutes *prima facie* evidence that the medical charges were reasonable and necessary, and additional specific proof regarding the reasonableness or necessity of those expenses is not needed. However, the plaintiff must nevertheless demonstrate that the injuries or condition for which the medical treatment was sought was caused by the conduct of the defendant. The plaintiff must prove causation. *Gonzales v. Long*, No. W2008-02605-COA-R3-CV, 2009 WL 3321304, at \*7 (Tenn. Ct. App. Oct. 15, 2009).

In order to rely on the presumption under section 24-5-113(a), a plaintiff may itemize his medical bills in his complaint and attach a copy of bills paid or incurred to his complaint. Bills that are itemized and attached as an exhibit are *prima facie* evidence that the bills were reasonable and necessary. Tenn. Code Ann. § 24-5-113(a)(1). However, under section 24-5-113(a)(3), a plaintiff may rely on section 24–5–113(a) if the total amount of the medical bills that are itemized and attached does not exceed $4,000, regardless of the total amount of medical expenses that may have been incurred. A plaintiff is not entitled to the presumption, however, if the plaintiff relies on medical bills that have been redacted to reflect a total of $4,000 or less. *Borner v. Autry*, 284 S.W.3d 216, 220 (Tenn. 2009).

In the current case, Mr. Iloube asserts that he incurred medical expenses in excess of $10,000. He further asserts that, although the medical bills were not attached to his complaint, he is entitled to the presumption created by subsection 113(b)(1) where his medical bills were itemized in an "exact list of medical expenses" submitted in his response to Mr. Cain's interrogatories. He relies on *Hogan v. Reese* to support his argument that the list of itemized expenses submitted in his response to interrogatories is sufficient to invoke the statutory presumption of reasonableness. We note that *Hogan* is factually distinguishable from the current case where the plaintiff in *Hogan* attached her medical bills to her response to defendants request for production of documents. *Hogan v. Reese*, No. 01-A-01-9801-CV-00023, 1998 WL 430627, at\*7 (Tenn. Ct. App. July 31, 1998). Whether an itemized list constitutes sufficient evidence to prove expenses under the best evidence rule was not an issue in *Hogan*. The inquiry in *Hogan* was whether the trial court erred by charging the jury that it "may presume these expenses were reasonable and necessary." We held that the trial court erred in its charge to the jury where "no *prima facie* evidence of necessity exists" under section 25-5-113(b)(1). *Id.* at \*8. Accordingly, notwithstanding a rebuttable statutory presumption of reasonableness, the plaintiff in *Hogan* carried the initial burden to demonstrate that her medical expenses were necessary and that they were caused by the defendant's conduct.

We noted in *Hogan* that the General Assembly's purpose in enacting the statute was to relieve the plaintiff of the common law burden of proof to demonstrate the reasonableness and necessity of medical expenses in cases involving "small claims." *Id.* *6. As noted above, the presumption of necessity and reasonableness afforded by current section 24-5-113(a) applies in cases wherein the plaintiff incurred medical expenses not exceeding $4000. Section 24-5-113(b) provides a rebuttable presumption of reasonableness where a plaintiff serves an itemization or copies of medical bills which were paid or incurred upon the defendant at least 90 days prior to the date set for trial. In order to rebut the presumption of reasonableness, the defendant must serve the plaintiff with a statement of intent at least 45 days prior to the date set for trial. In his statement, the defendant must specify which bill or bills he believes to be unreasonable.

In this case, Mr. Cain did not challenge the reasonableness of the medical expenses allegedly incurred by Mr. Iloube. Rather, he asserted that Mr. Iloube failed to introduce sufficient evidence that he incurred the expenses alleged. As noted above, when Mr. Cain's motion for directed verdict was heard by the trial court at the close of proof, Mr. Iloube moved the trial court to re-open the proof to allow him to enter his medical bills and documentary proof of medical expenses into evidence. Counsel for Mr. Iloube stated that he had the bills and was prepared to enter them into evidence. He further argued that re-opening the proof would not prejudice Mr. Cain where the proof had rested immediately prior to discussion of Mr. Cain's motion, and where the jury had been out during the interchange between counsel and the court.

Whether to re-open the proof to permit additional evidence after the proof has closed is within the discretion of the trial court. *Simpson v. Frontier Cmty. Credit Union*, 810 S.W.2d 147, 149 (Tenn. 1991). We will not disturb the trial court's exercise of discretion unless its decision has permitted an injustice. *Id.* In this case, the trial court offered no explanation for its refusal to re-open the proof to allow Mr. Iloube to enter his medical bills into evidence. Further, the trial court granted Mr. Cain's motion for directed verdict based only on the best evidence rule, notwithstanding Dr. Buggs' testimony with respect to costs associated with his own treatment of Mr. Iloube and the itemization of expenses provided in response to Mr. Cain's discovery requests. We additionally note that Mr. Iloube did not seek to offer proof of any expenses not previously itemized in his discovery responses.

As our supreme court has noted, the role of the trial judge is not to act as a referee, but to exercise its discretion to promote justice and avoid injustice. The *Simpson* court observed that the function of a trial judge "is not limited to that of a mere referee or umpire between contestants in a game of skill. Upon the contrary, in many respects he has wide discretion to be exercised in the promotion of the purpose for which the trial is had[.]" *Id.* at 150 (quoting *Bellisomi v. Kenny*, 206 S.W.2d 787, 788 (Tenn. 1947). With respect to re-opening

the proof after the defendant has moved for a directed verdict, the *Bellisomi* court stated:

> Where the trial is before a jury, the function of the judge of a law court is not limited to that of a mere referee or umpire between contestants in a game of skill. Upon the contrary, in many respects he has wide discretion to be exercised in the promotion of the purpose for which the trial is had, and he is required to bear in mind that 'courts are made for complainants (or plaintiffs): defendants neither need nor desire courts'. . . . The court should really favor the party on whom the burden of proof rests, so as to give him a reasonable opportunity to prove his case. Gibson's Suits in Chancery, Sec. 521, Note 5. This, as Mr. Gibson shows, is the modern view, and while it is said with particular reference to the discretion a judge or chancellor has in allowing a motion for the continuance of the case, it applies generally. Thus it is settled in this state that the judge in his discretion may permit a plaintiff to introduce further evidence after the defendant has moved for a directed verdict.

*Bellisomi v. Kenny*, 206 S.W.2d 787, 788 (Tenn. 1947)(quoting *Boone v. Citizens' Bank & Trust Co.*, 154 Tenn. 241, 290 S.W. 39, 50 A.L.R. 1369; *Petway v. Hoover*, 12 Tenn. App. 618).

In light of the entirety of the circumstance in this case, we believe the trial court erred by denying Mr. Iloube's request to re-open the proof after Mr. Cain's motion for a directed verdict for the narrow purpose of allowing Mr. Iloube to put his medical bills into evidence. Accordingly, we reverse the directed verdict in favor of Mr. Cain with respect to Mr. Iloube's claim for medical expenses.

We turn next to whether the trial court erred by granting Mr. Cain's motion in limine to exclude evidence that Mr. Cain agreed that Mr. Iloube had incurred property damage in the amount of $1400, or that Mr. Cain had tendered that amount. Upon review of the trial court's order, we note that the trial court ruled that Mr. Iloube could testify that he incurred costs in the amount of $1400 to repair his vehicle, but that Mr. Iloube was "barred from introducing evidence of any kind that [Mr. Cain] paid that amount . . . or that [Mr. Cain] in any way agreed to or determined that the property damage to [Mr. Iloube's] vehicle was $1400."

Upon review of the trial transcript, we note that, when Mr. Cain's motion in limine was heard by the trial court, counsel for Mr. Iloube advised the court that he sought only to introduce evidence regarding the amount that it cost to repair Mr. Iloube's vehicle. Counsel stated:

Your Honor, I'm not asking to bring in the settlement. All I'm asking is the opinion. In 803.1.2 it says, "An admission is not excluded merely because the statement is in the form of an opinion." So when the adjustor came out and it was his opinion that $1400 was fine, that's fine. We're not going to say the adjustor's opinion. We're going to say how much did it cost to fix the vehicle, $1400.

The trial court replied, "That I don't have a problem with." Counsel then replied, "That's all I'm going to do." The trial court stated that it would exclude testimony that an adjustor for Mr. Cain's insurance carrier "came out and said there was $1400 worth of damage," but that it would not exclude Mr. Iloube's testimony that he incurred damages to his vehicle in the amount of $1400. Counsel for Mr. Iloube stated, "That's all I need, Your Honor. That's fine." This issue is without merit.

### *Holding*

In light of the foregoing, we reverse the trial court's directed verdict in favor of Mr. Cain on Mr. Iloube's claim for medical expenses. Mr. Cain has not appealed the trial court's entry of a directed verdict on his defense of comparative fault, and in his brief acknowledges that "this was a case of admitted liability." Where the trial court erred as to only specific issues, we may remand for a new trial and limit the new trial to those issues affected by the trial court's error. *Acuff v. Vinsant*, 443 S.W.2d 669, 739 (Tenn. Ct. App. 1969). We agree with Mr. Iloube that the trial court's directed verdict with respect to his claim for medical damages reasonably may have impacted the jury's verdict with respect to pain and suffering and loss of earning capacity. Accordingly, this matter is remanded to the trial court for a new trial limited to the issue of damages. The remaining issues are pretermitted as unnecessary. Costs of this appeal are taxed to the appellee, Don M. Cain.

_____
DAVID R. FARMER, JUDGE