# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

## SEPTEMBER, 1997 SESSION

FILED

November 21, 1997

Cecil W. Crowson
Appellate Court Clerk

STATE OF TENNESSEE,          )
                             )      No. 01C01-9611-CC-00461
    Appellee,            )
                             )      Maury County
vs.                          )
                             )      Hon. James L. Weatherford, Judge
ANTHONY PAUL ALDERSON,       )
                             )      (DUI)
    Appellant.           )


FOR THE APPELLANT:                    FOR THE APPELLEE:

GARY M. HOWELL                        JOHN KNOX WALKUP
P.O. Box 442                          Attorney General & Reporter
Columbia, TN 38402
                                      GEORGIA BLYTHE FELNER
                                      Counsel for the State
                                      Criminal Justice Division
                                      450 James Robertson Parkway
                                      Nashville, TN 37243-0493

                                      MIKE BOTTOMS
                                      District Attorney General
                                      P.O. Box 459
                                      Lawrenceburg, TN 38464-0459


OPINION FILED: _____


**AFFIRMED**


CURWOOD WITT
JUDGE

**OPINION**

The defendant, Anthony Paul Alderson, appeals pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure from his judgment of conviction in the Maury County Criminal Court for driving under the influence of an intoxicant. After a bench trial, he was sentenced to serve eleven months and twenty-nine days on probation after serving 48 hours in the county jail.

In this appeal, the defendant contends that the trial court erred in allowing the state to reopen its proof after the defendant moved for a judgment of acquittal. After a careful review of the record, we affirm the judgment of the trial court.

The trial judge found the defendant guilty of driving while under the influence of an intoxicant pursuant to Tennessee Code Annotated section Section 55-10-401 on June 20, 1996. No transcript of the trial is included in the record. However, the defendant prepared a Statement of the Evidence which the trial court has certified. From this statement we derive the following facts. Officer Tim Potts, the state's only witness, testified that on July 1, 1995, he observed a vehicle traveling north on Highway 7 in Maury County. When the vehicle swerved twice across the center line, he radioed ahead to Officer Tommy Goetz to stop the vehicle. When Officer Potts arrived, he found the defendant and three other individuals standing around the car talking with a third officer. Officer Potts noticed the odor of an alcoholic beverage coming from the defendant and asked him if he had been drinking. The defendant admitted that he had. The officer administered two field sobriety tests. Based on these tests and his other observations, he concluded that the defendant was under the influence and placed him under arrest. The results of the defendant's blood alcohol test were .16% alcohol content. This concluded the state's proof.

The defense then moved for a judgment of acquittal in that there was no proof that the defendant was either driving or in physical control of the vehicle. See Tenn. Code Ann. § 55-10-401 (a) (Supp. 1996). The trial court, over the defendant's objection, allowed the state to reopen its proof. Officer Potts again took the stand and testified that as he approached the scene of the stop he saw the defendant get out of the car from the driver's door. The state rested again and the defense put on no proof.

Upon these facts, the trial judge found the defendant guilty and sentenced him to eleven months and twenty-nine days of probation after serving 48 hours.

The defendant now contends that the rules of criminal procedure require that the trial court grant a defendant's motion for a judgment of acquittal "of one or more offenses charged in the indictment or information after the evidence on either side is closed if the evidence is insufficient to sustain a conviction for such offense or offenses." Tenn. R. Crim. P. 29(a). The defendant concedes that a trial judge has broad discretion in allowing the reopening of proof. He argues, however, that, since the adoption of the Tennessee Rules of Criminal Procedure in 1978, the motion to reopen is appropriate only when the state has failed to establish venue and not when the state fails to establish an essential element of the offense. We respectfully disagree.

In Tennessee, the law is well-settled that the decision to allow a party to reopen its proof after resting is within the discretion of the trial court. Boone v. Citizen's Bank & Trust, 154 Tenn. 241, 244-45, 290 S.W. 39, 40 (1927); State v. Tuttle, 914 S.W.2d 926, 931 (Tenn. Crim. App. 1995); Clariday v. State, 552 S.W.2d 759, 770 (Tenn. Crim. App. 1976). Nothing in the rules or in case law indicates that Rule 29 restricts the trial court's discretion to grant or

3

deny a motion to reopen. The rule states, in pertinent part:

> . . . The court on motion of a defendant or of its own
> motion shall order the entry of judgment of acquittal of
> one or more offenses charged in the indictment or
> information after the evidence on either side is closed
> if the evidence is insufficient to sustain a conviction of
> such offense or offenses. If a defendant's motion for
> judgment of acquittal at the close of the evidence
> offered by the State is not granted, the defendant
> may offer evidence without having reserved the right.

Tenn. R. Crim. P. 29(a). Moreover, comments to the rule states that the new rule "is substantially the same as the federal rule." Id. committee comments. As the defendant concedes in his brief, federal law permits parties to reopen the proof under a variety of circumstances. See 10 David Raybin, Tennessee Criminal Practice and Procedure, § 26.113 (1985 and Supp. 1997).

Although a motion to reopen has perhaps most often been granted to permit the state to establish venue, its use has never been limited to that particular situation. For example, in State v. John Michael Armitage, this court reversed a conviction for second degree murder and remanded the case for new trial because the trial court refused to reopen the proof and allow the defendant to present the testimony of a newly found witness that tended to impeach one of the state's most important witnesses. State v. John Michael Armitage, No. 1241, slip op. at 8 (Tenn. Crim. App., Knoxville, July 10, 1990). In another case, the trial court granted the state's motion to reopen so that the prosecution could prove that the defendant was in possession of an automobile involved in a burglary, and we affirmed. State v. Tuttle, 914 S.W.2d 926, 930 (Tenn. Crim. App. 1995).[1] We have found nothing in Tennessee law that would cause us to

---

[1] See also State v. Ricky Ogan, No. 01C01-9406-CC-00213, slip op. at 6 (Tenn. Crim. App., Nashville, April 30, 1997)(defendant's identity); State v. Tommy Crisp, No. 167, slip op. at 4,5 (Tenn. Crim. App., Knoxville, July 19, 1989)(proof that connected defendant with stolen property); State v. Alex Biles, No. 86-104-II, slip op. at 5 (Tenn. Crim. App., Nashville, July 10, 1987)(evidence to prove dates of prior convictions); State v. Furman Calvin Schrader and Larry Clark Schrader, No number in original, slip op. at 10-11 (Tenn. Crim. App., Knoxville, August 28, 1985); State v. Ricky Wayne Cooper, No. 71, slip op. at 5 (Tenn. Crim. App., Jackson, April 17, 1985) (testimony corroborating accomplice testimony).

conclude that, once the defense has moved for a judgment of acquittal, the state may reopen its case only to offer proof of venue. The decision to grant or deny a motion to reopen is within the discretion of the trial court.

In the absence of an injustice, a trial court's decision to permit the introduction of further evidence after a party has rested must be upheld. Simpson v. Frontier Community Credit Union, 810 S.W. 2d 147 (Tenn. 1991); Clariday v. State, 552 S.W.2d 759, 771 (Tenn. Crim. App. 1976). The mere fact that the evidence presented after the reopening of the case produced a different result is not determinative as long as there is no surprise or unfair advantage. Don McBay v. Charles Lesley Cooper, No. 01A01-9205-CV-00202, slip op. at 4 (Tenn. App., Nashville, Aug. 26, 1992). This court has previously noted with approval the rule stated in United States v. Thetford, 676 F.2d 170 (5th Cir. 1982):

> A motion to reopen is clearly within the discretion of the trial court. In exercising its discretion, the court must consider the timeliness of the motion, the character of the testimony, and the effect of granting of the motion. The party moving to reopen should provide a reasonable explanation for failure to present the evidence in its case-in-chief. The evidence proffered should be relevant, admissible, technically adequate, and helpful to the jury in ascertaining the guilt or innocence of the accused. The belated receipt of such testimony should not "imbue the evidence with distorted importance, prejudice the opposing party's case, or preclude an adversary from having an adequate opportunity to meet the additional evidence offered." (Citations to other cases omitted.)

State v. John Michael Armitage, No. 1241, slip op. at 7 (Tenn. Crim. App., Knoxville, July 10, 1990).

In this instance, no court reporter transcribed the trial, and the Statement of the Evidence contains the following remark, "[a]fter some discussion the Court, over the defendant's objection, allowed the State to re-open its proof." From such a record, we have no way of determining what reasons the state gave for its request to reopen or what findings the trial court

5

may have made. The appellant has the responsibility to present a record containing "such parts of the evidence or proceedings as is necessary to convey a fair, accurate and complete account of what transpired with respect to those issues that are bases of appeal." Tenn. R. App. P. 24(b); State v. Jones, 733 S.W.2d 517, 522 (Tenn. Crim. App. 1987). Lacking such a record, this court must presume that the trial court's ruling was adequately supported by the evidence. State v. Beech, 744 S.W.2d 585, 588 (Tenn. Crim. App. 1987).

Moreover, we cannot say that any injustice resulted from the admission of Officer Potts's testimony even though the new evidence addressed the issue upon which the defendant had based his motion for acquittal. As this court wrote in State v. Tommy Crisp, No. 167 (Tenn. Crim. App., Knoxville, July 19, 1989), "[t]he only reason for allowing any party to reopen their proof is to correct some deficiency. Otherwise, there would be no reason for the rule and no party could ever reopen." Slip op. 5. The defendant has not demonstrated that the opportunity to present the additional testimony gave the state the benefit of any surprise or unfair advantage, that either party or the court was seriously inconvenienced, or that the defendant had no fair opportunity for rebuttal. Don McBay v. Charles Lesley Cooper, No. 01A01-9205-CV-00202, slip op. at 4 (Tenn. App., Nashville, Aug. 26, 1992).

Officer Potts's additional testimony was relevant, admissible, and helpful to the determination of the defendant's innocence or guilt. See State v. John Michael Armitage, No. 1241, slip op. at 7 (Tenn. Crim. App., Knoxville, July 10, 1990). The trial court is entitled to and should have the benefit of all available evidence for its assistance in arriving at a just determination. Don

McBay v. Charles Lesley Cooper, slip op. at 4.  The trial court did not abuse its discretion in permitting the state to reopen its case after the defendant had moved for a judgment of acquittal.

We affirm the judgment of the trial court.

_____
CURWOOD WITT, Judge

_____
GARY R. WADE, Judge

_____
THOMAS T. WOODALL, Judge