# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### January 9, 2002 Session

## FAYE R. TAYLOR v. ANDREW R. DYER, ET AL.

### Appeal from the Circuit Court for Davidson County
### No. 00C-2048    Carol Soloman, Judge

---

### No. M2001-00967-COA-R3-CV - Filed May 7, 2002

---

In a non-jury trial, the Circuit Court of Davidson County awarded $10,920 to a plaintiff injured in a rear-end collision. The defendants assert on appeal that the court erred in allowing the plaintiff to supplement her trial proof with her doctor's statement that his charges were reasonable and necessary. In addition, the defendants assert that most of the medical expenses included in the plaintiff's award were not caused by the accident. We affirm the judgment of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
### Affirmed and Remanded

BEN H. CANTRELL, P.J., M.S., delivered the opinion of the court, in which PATRICIA J. COTTRELL, J. and DON R. ASH, SP. J., joined.

Bridgett A. Wohlpart, Brentwood, Tennessee, for the appellants Andrew R. Dyer and Jennifer L. Dyer.

Franklin D. Brabson, Nashville, Tennessee, for the appellee, Faye R. Taylor.

## OPINION

### I.

The defendant rear-ended the plaintiff at Sixth Avenue and Broadway in Nashville on April 10, 1999. The impact knocked the plaintiff's car into the one in front of it, causing damage to the front and rear of the vehicle.

The plaintiff had been in treatment for pain in her right shoulder since May of 1998. Her general physician noted evidence of right rotator cuff tendinitis and referred her to physical therapy for rotator cuff pain. Later, he referred the plaintiff to an orthopaedic specialist who treated her for

an impingement syndrome, involving a possible biceps tendon rupture and a rotator cuff involvement. The problem responded to conservative treatment.

After the accident on April 10, 1999, the plaintiff saw her general physician on April 16, 1999. He noted shoulder girdle pain along with other body aches and pains. The shoulder pain was more general than the problem she had described earlier. She consulted a chiropractor five or six times over the next three months. Her general physician referred her to an orthopaedic surgeon for treatment of a painful bunion.

The plaintiff was involved in another minor accident on August 4, 1999 when she was sideswiped by another car. On August 19, 1999, the plaintiff visited her orthopaedic surgeon complaining of right shoulder pain. An MRI subsequently revealed a tear in her right rotator cuff. The surgeon performed surgery to repair the tear. The medical expenses associated with this operation are at the heart of this appeal.

**II.**

The defendants' first issue concerns the way the proof concerning the medical expenses came in at the trial. When plaintiff's lawyer took the deposition of the orthopaedic surgeon he asked the witness if he had a copy of his bill. Receiving an affirmative answer, the lawyer asked the doctor to make his bill an exhibit. The bill appears as an exhibit to the deposition but the doctor was never asked if his charges were "reasonable and necessary." When the defendants' lawyer at trial objected to the evidence of the doctor's charges, the trial judge said that the plaintiff's lawyer had come to the trial unprepared, but the judge allowed the plaintiff to take and file another deposition from the doctor containing the magic language. The defendants assert on appeal that the court erred in doing so.

The defendants did not cite any authority for this proposition. On the other hand, neither did the plaintiff cite any authority to support the trial court's act of benevolence, which measurably helped the plaintiff's case. We, however, believe that the allowance of the supplementary proof was a matter well within the sound discretion of the trial judge.

Parties have been allowed to reopen the proof after both parties have rested, *Crews v. United Beneficial Ins. Co. of Omaha*, 472 S.W.2d 887 (Tenn. Ct. App. 1971); after the defendant moved for a directed verdict, *Bellisomi v. Kenney*, 206 S.W.2d 787 (Tenn. 1948); after closing arguments, *Thompson v. Clendening*, 38 Tenn. 287 (1858); and in rebuttal, although the evidence should have been introduced as a part of the plaintiff's proof in chief. *Pack v. Boyer*, 438 S.W.2d 754 (Tenn. Ct. App. 1968). We find this issue to be without merit.

**III.**

The heart of the defendants' appeal lies in the contention that there is no proof that the rotator cuff tear was caused by the accident on April 10, 1999. Her surgeon said that he could not give an

opinion with any degree of medical certainty as to when the tear occurred. Although the August accident appears to have involved a much slighter impact than the April accident the surgeon testified that rotator cuff ruptures could be caused by the act of forcefully gripping the steering wheel and jerking the arm.

The defendants insist that causation must be proved by expert medical proof. That is the rule in "most cases." *See Tindall v. Waring Park Association*, 725 S.W.2d 935 (Tenn. 1987). But the court added this qualification: "If, however, equivocal medical evidence combined with other evidence supports a finding of causation, such an inference may nevertheless be drawn by the trial court . . . ." *Id.* At 937. *See also, Patterson v. Tucker Steel Co.*, 584 S.W.2d 792 (Tenn. 1979). These cases are all worker's compensation cases where the issue has been debated extensively. *See Owens Illinois, Inc. v. Lane*, 576 S.W.2d 348 Tenn. 1978). We think, however, that the principle to be applied is the same. Causation may be established by a combination of medical and lay testimony.

The trial judge found as a fact that the injuries incurred in the August accident were not as severe as the injuries incurred in the April accident. Therefore the court found that the April accident was the primary cause of the injury that ultimately required surgery. These findings are presumed to be correct unless the preponderance of the evidence shows otherwise. Rule 13(d)), Tenn. R. App. P. We think that from the evidence in the record a rational trier of fact could have found that the plaintiff had a condition involving her rotator cuff prior to the accident on April 10, 1999, but that the accident on that date caused the rotator cuff tear which ultimately required surgery. Therefore the contrary evidence, which admittedly casts doubt on the plaintiff's proof, does not preponderate against the trial court's findings.

### IV.

The plaintiff asks this court to increase the damages and to award her some of her discretionary costs. We are satisfied, however, that the trial court reached the correct result.

The judgment of the court below is affirmed and the cause is remanded to the Circuit Court for Davidson County for any further proceedings necessary. Tax the costs on appeal to the appellants, Andrew R. Dyer and Jennifer L. Dyer.

_____
BEN H. CANTRELL, PRESIDING JUDGE, M.S.