IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
April 15, 2010 Session

## WILLIAM J. REINHART v. GEICO INSURANCE

**Appeal from the Circuit Court for Bedford County**
**No. 11,773     Franklin L. Russell, Judge**

**No. M2009-01989-COA-R3-CV - Filed September 28, 2010**

The plaintiff owned a 1988 Porsche that was damaged by a collision with a deer. His insurer offered him $6,000 under his policy, after determining that the cost of repair was greater than the cash value of the car. The plaintiff, acting *pro se*, sued the insurer, and attempted to prove at trial that the auto was worth more than the insurer offered. After the plaintiff rested his case, the insurer moved for a directed verdict because the plaintiff had not introduced the insurance policy into evidence. The trial court granted the motion. The plaintiff argues on appeal that he did not intend to rest his case and that in any event the trial court should have allowed him to reopen his proof so he could introduce the insurance policy. Because there is neither a transcript of the proceedings nor a Rule 24 Statement of the Evidence in the appellate record, we must affirm the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

PATRICIA J. COTTRELL, P.J., M.S., delivered the opinion of the Court, in which ANDY D. BENNETT and RICHARD H. DINKINS, JJ., joined.

William J. Reinhart, Shelbyville, Tennessee, appellant *pro se.*

Jeffrey D. Ridner, Manchester, Tennessee, for the appellee, Geico Insurance.

## OPINION

### I. A CLAIM FOR AUTO INSURANCE BENEFITS

On October 21, 2008, William J. Reinhart was driving his 1988 Porsche on Snell Road in Bedford County, when he struck a deer and lost control of the vehicle. The automobile ran off the shoulder of the road and hit a fence. The police filed an accident report, and the accident was reported to Mr. Reinhart's insurer, Geico Insurance Company, which authorized

a tow. The vehicle was towed to Quality Collision Center in Shelbyville the following day. Robert Bushnell, the owner of Quality Collision Center, estimated the cost of repair to be $11,293.

Geico refused to pay to repair the vehicle, asserting that the repair cost was greater than its actual cash value prior to the accident. Geico offered Mr. Reinhart $6,000 under his policy, with the title to be signed over to the insurer. Mr. Reinhart refused the offer, because he believed the car to be worth far more than Geico had estimated. On December 9, 2008, he filed a civil warrant against Geico in the General Sessions Court of Bedford County, seeking damages plus costs. A trial was conducted in general sessions on February 3, 2009, resulting in a judgment of $6,422 for Mr. Reinhart, with costs taxed to Geico.

Mr. Reinhart appealed this judgment to the Circuit Court of Bedford County by filing a *pro se* complaint against the insurer on April 13, 2009. He asked for damages in the amount of $11,293 (representing the cost of repair) plus $10 per day for storage of the vehicle from the date of the accident to the date of trial. In the alternative, he asked for $14,000 in damages, which he asserted was the actual cash value of the vehicle prior to the accident.

In its answer, Geico denied that Mr. Reinhart was entitled to the amounts requested. Among other things, the insurer asserted that "the contractual 'limit of liability' contained in the Family Automobile Insurance Policy is the actual cash value of the property at the time of the loss," that under the policy definition the vehicle's "actual cash value" is the difference between the vehicle's value before the accident and its value after the accident, and that Mr. Reinhart's estimate of value was incorrect. The insurer also denied that Mr. Reinhart was entitled to his storage costs, asserting that he failed to mitigate his damages.

As the case moved towards trial, Mr. Reinhart submitted the names of three expert witnesses whom he expected to call. These included Mr. Bushnell, Calvin Kincaid, who Mr. Reinhart described in his brief as "a nationally recognized authority on appraising older and classic cars" and Richard Onderka, described as "a German-trained master mechanic specializing in Porsche, BMW and Mercedes autos." Mr. Reinhart's automobile was being stored in Mr. Onderka's garage in Manchester.

Geico submitted the name of one expert witness, Bill Cassady of Cassady Auto Repair in Shelbyville. Prior to the scheduled trial date, Geico moved the court to continue the trial because neither Mr. Cassidy nor Mr. Kincaid had the opportunity to inspect the vehicle, and Mr. Onderka was out of town, so the witnesses had no way to gain access to his garage. The

trial court denied the motion.[1]

A pre-trial conference was conducted on June 11, 2009. According to Mr. Reinhart's brief on appeal, the trial court told the parties at that conference that the controlling case at trial would be *Hendry v. United Services Auto Association,* 633 S.W.2d 466 (Tenn. Ct. App. 1981). In that case, this court ruled among other things that because a claim for benefits under an automobile insurance policy is based on contract, the policy itself has to be introduced into evidence in order to establish such a claim.

According to the trial court's order dismissing this case, Mr. Reinhart was also advised at the pre-trial conference that Geico "would not stipulate the terms of the parties' contract of insurance and that the plaintiff would have to introduce a copy of the contract at trial or face a motion for a directed verdict on those grounds." In his later pleadings and in his brief on appeal, Mr. Reinhart denied that any such discussion occurred. As we shall see, Mr. Reinhart's failure to introduce the policy into evidence during the trial was the decisive factor in the trial court's dismissal of his claim.

## II. TRIAL PROCEEDINGS

On June 15, 2009, a jury of twelve was empaneled to hear the case. Because there was no court reporter present, there is no transcript of the trial. The following account is, therefore, primarily based on Mr. Reinhart's two briefs on appeal and on his presentation at oral argument, but we have no way to judge its accuracy. Mr. Reinhart, who was still acting *pro se*, testified first as to the circumstances of the accident and the estimate of the repair cost. He then called his three expert witnesses, whose cumulative testimony suggested that his Porsche was worth more than the $6,000 offered by Geico.

Mr. Reinhart's final witness concluded his testimony at about 12:20 p.m. The court then announced that it was time for the lunch break, and according to Mr. Reinhart he asked if that was all from these witnesses. Mr. Reinhart answered yes. As the jurors were leaving the courtroom, Mr. Reinhart approached the judge, who was still seated at the bench, with the Geico policy in hand, intending to ask the judge a question about the policy and to introduce the policy into evidence.

---

[1]Mr. Cassidy's affidavit, which was submitted by Mr. Reinhart as an attachment to his motion for directed verdict, states that the witness was unable to appear in court on the day of trial because he was in Ohio on that day. Mr. Reinhart argues that if the trial court had not dismissed his case during trial he would have prevailed, because Geico would not have been able to mount a defense in the absence of its sole expert witness.

A somewhat different account of this event is found in Geico's response to Mr. Reinhart's motion for new trial. According to Geico, the court asked Mr. Reinhart just before the lunch break if he had any further proof to present. Mr. Reinhart indicated that he had no further proof. The court then asked if Mr. Reinhart was closing his proof. Mr. Reinhart indicated that he was. At that point, Geico's attorney moved the court to dismiss his suit on the ground that Mr. Reinhart had not proved his case because the insurance policy had not been introduced.

Returning now to Mr. Reinhart's account, he allegedly objected to Geico's motion, asserting that he was offering the policy in evidence. The judge stated that the policy had to be introduced before the jury. Mr. Reinhart then argued that he had the right to introduce the policy to the jury after lunch, and that he had not closed his case-in-chief but had merely agreed that his expert witnesses could be released from subpoena so they would not have to return after lunch. Mr. Reinhart then formally requested that he be allowed to introduce the policy after the lunch break. The trial court denied this request and granted Geico's motion to dismiss. An order filed later that day which memorialized the court's decision stated that,

> The Court found that the Plaintiff, *pro se*, was advised at the parties pretrial conference on June 11, 2009, by Defendant's counsel that the Defendant would not stipulate to the parties' contract of insurance and that the Plaintiff would have to introduce a copy of the contract at trial or face a motion for a directed verdict on those grounds; that the Plaintiff did not agree with the ceiling on coverage included in the contract of insurance and closed his proof without introducing the contract into evidence; that the Defendant moved to dismiss at the conclusion of the Plaintiff's proof; and that Defendant is entitled to that relief because the Plaintiff did not establish any contractual basis for a claim of damages against the Defendant insurance carrier; and therefore **IT IS ORDERED** that the Complaint is dismissed.

On July 21, 2009, Mr. Reinhart filed both a motion for new trial and a motion for directed verdict. Geico responded by asserting that Mr. Reinhart's motions mischaracterized the events at the pre-trial conference on June 11, 2009, and misrepresented the facts as to the trial of June 15, 2009. On September 2, 2009, the trial court filed an order dismissing the motion for new trial. The order stated that the motion contained "several factual errors." The court also declared that "the apparent reason for refusal to submit the insurance contract into evidence was the fact that the Plaintiff did not agree with the measure of recovery set out in the insurance contract." This appeal followed.

## III. ANALYSIS

Mr. Reinhart states two issues in his appellate briefs: first, "Whether the Court exceeded its authority and or abused its discretion in granting a motion for dismissal by defendant because the Geico policy had not been introduced at this point in the trial," and second "Whether the Court abused its discretion in overruling Plaintiff's Motion for New Trial." Unfortunately, our ability to squarely address the merits of those arguments is severely limited by the absence in the record of a transcript of the proceedings or a statement of the evidence.

The Tennessee Rules of Appellate Procedure govern procedure in all of Tennessee's appellate courts. The scope of the review to be conducted by those courts is set out in Tenn. R. App. P. 13. The most important section of that rule for the purposes of this appeal is section (c), which states that, "[t]he Supreme Court, Court of Appeals and Court of Criminal Appeals may consider those facts established by the evidence in the trial court and set forth in the record and any additional facts that may be judicially noticed or are considered pursuant to Rule 14."[2]

Our courts have uniformly held Rule 13(c) to signify that allegations of fact which fall outside the bounds of that rule may not be considered by the appeals court. *Pendleton v. Mills*, 73 S.W.3d 115, 119 fn. 7 (Tenn. Ct. App. 2001)(memorandum of law accompanying motion for summary judgment was not part of the appellate record); *In re B.N.W.*, No. M2004-2710-COA-R3-JV, 2005 WL 3487792 at *1 (Tenn. Ct. App. Dec. 20, 2005)(citing *State v. Thompson*, 832 S.W.2d 577, 579 (Tenn. Crim. App. 1991))(mere statements of counsel cannot establish what occurred in the trial court unless supported by evidence in the record).

The content and preparation of the appellate record are therefore of the utmost importance to a litigant who wishes to succeed on appeal. Tenn. R. App. P. 24 states that the record on appeal shall include certified copies of all papers filed in the trial court (with certain specified exceptions) and the original of any exhibits filed in the trial court. Section 24(a). Also, "[i]f a stenographic report or other contemporaneously recorded, substantially verbatim recital of the evidence or proceedings is available," it is the duty of the appellant

---

[2]Rule 14 applies to post-judgment facts, consideration of which is declared to lie within the discretion of the appellate court. As the rule states, however, "[w]hile neither controlling nor fully measuring the court's discretion, consideration generally will extend only to those facts, capable of ready demonstration, affecting the positions of the parties or the subject matter of the action such as mootness, bankruptcy, divorce, death, other judgments or proceedings, relief from the judgment requested or granted in the trial court, and other similar matters." None of Mr. Reinhart's allegations meet the definition of post-judgment facts.

to prepare "[a] transcript of such part of the evidence or proceedings as is necessary to convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal." Tenn. R. App. P. 24(b).

There was no court reporter present at the trial of this case, so no transcript could be prepared. In such circumstances, however, Tenn. R. App. P. 24 (c) gives the appellant the option of preparing a statement of the evidence, "from the best available means, including the appellant's recollection." Such a statement must be filed with the trial court and served on the appellee, who then has the opportunity to file any objections to the statement as filed. Any differences between the parties regarding the statement is submitted to and settled by the trial court, whose determination is conclusive. Tenn. R. App. P. 24(e).

Mr. Reinhart did not avail himself of the opportunity afforded by Tenn. R. App. P. 24 (c) to submit a statement of the evidence to the trial court. Instead, he attached to his reply brief copies of the affidavits of his three witnesses, summarizing the testimony of each witness, together with unauthenticated exhibits related to their testimony. He also attached the affidavit of Geico's witness, testifying that he was out of town on the day of trial, July 15, 2009. Geico filed a motion to strike the affidavits and exhibits on the ground that they were not included in the record on appeal. We granted the motion, reasoning that we may not act as a fact finding court or consider evidence not presented to the trial court, and that we may not consider assertions of fact not supported by the record. Regardless, those affidavits do not illuminate the determinative issue in this appeal, which involves the trial court's determination that Mr. Reinhart closed his proof without introducing the insurance policy.

It is incumbent upon the appellant to provide this court with an adequate appellate record for review. *Chiozza v. Chiozza*, 315 S.W.3d 482, 489 (Tenn. Ct. App. 2009)(citing *Jennings v. Sewell-Allen Piggly Wiggly*, 173 S.W.3d 710, 713 (Tenn. 2005)); *Svacha v. Waldens Creek Saddle Club*, 60 S.W.3d 851,855 (Tenn. Ct. App. 2001).[3] The briefs of the parties and their statements during oral argument may be of value for the purpose of illuminating or explaining the record for the benefit of the appeals court, but they are not part of the record itself. *State v. Thompson*, 832 S.W.2d at 579. To the extent they allege facts

---

[3]The appellate courts held that under the circumstances of both the *Jennings* and *Svacha* cases, the appellee shared the responsibility for ensuring the completeness of the appellate record. In both those cases, the trial court found that the defendant was entitled to summary judgment, but the trial court's order failed to explain on what basis it reached that determination, so the appellate courts had no way to evaluate the correctness of its decision. In the present case, it is undisputed that the basis of the trial court's dismissal of the complaint was the plaintiff's failure to introduce a copy of the insurance policy in the record. Thus, we believe that in this case Mr. Reinhart bears the sole responsibility for ensuring the completeness of the record.

which are not contained in the record, or which contradict the record, we may not even consider them.

Mr. Reinhart asserts on appeal that there is no dispute as to the existence of an automobile insurance policy in force at the time of the accident. He therefore argues that the trial court abused its discretion by denying him permission to submit the policy into evidence. While he does not retreat from his insistence that he did not close his case-in-chief when he dismissed his witnesses, he cites the case of *Taylor v. Dyer,* 88 S.W.3d 924, 926 (Tenn. Ct. App. 2002) for the proposition that the trial court retained the discretion to allow him to submit the insurance policy into evidence even if he had closed his case-in-chief.

*Taylor v. Dyer* was a personal injury case in which the trial court allowed the plaintiff to supplement the proof after trial had begun, by taking and filing a second deposition of a treating physician who had not been asked in his earlier deposition whether his charges were "reasonable and necessary." The defendants argued that this was an error on the part of the trial court, but we affirmed the court, declaring that its "act of benevolence" was "a matter well within the sound discretion of the trial judge." *Taylor v. Dyer*, 88 S.W.3d at 926. In that opinion, we also cited a number of cases to demonstrate that trial courts have at times allowed parties to reopen the proof at virtually every stage of trial.

It is undeniable, therefore, that the trial court in this case could have chosen to reopen the proof even after the plaintiff closed his case-in-chief. The question remains, however, whether it abused its discretion by allegedly refusing to do so. Trial courts have the inherent authority to control their dockets and the proceedings before them, and reviewing courts will not second-guess a trial court's exercise of that authority unless it has acted unreasonably, arbitrarily, or unconscionably. *Hessmer v. Hessmer*, 138 S.W.3d 901, 904 (Tenn. Ct. App. 2003); *Hodges v. Attorney General*, 43 S.W.3d 918, 921 (Tenn. Ct. App. 2000); *Kotil v. Hydra-Sports, Inc.*, No. 01A01-9305-CV-00200, 1994 WL 535542, at *3 (Tenn. Ct. App. Oct. 5, 1994) (No Tenn. R. App. P. 11 application filed).

We may not accept as true Mr. Reinhart's assertions that he did not close his proof before lunch because those assertions are not reflected in the record on appeal and are directly contradicted by findings in the court's own order. Neither may we consider Mr. Reinhart's claim that he moved the court to re-open the proof, and was rebuffed. In the absence of any evidence in the record to support those assertions, we have no basis to examine the exercise of the court's discretion.

We are precluded from addressing an issue on appeal when the record fails to include the documents relevant to that issue. *State v. Zirkle*, 910 S.W.2d 874, 884 (Tenn. Crim. App. 1995)(denial of motion for continuance affirmed because defendant failed to include the

motion in the appellate record). In cases where no transcript or statement of the evidence is filed, the appellate court is required to presume that the record, had it been properly preserved, would have supported the action of the trial court. *Reinhardt v. Neal,* 241 S.W.2d 472, 477 (Tenn. Ct. App. 2007); *Sherrod v. Wix*, 849 S.W.2d 780, 783 (Tenn. Ct. App. 1992).[4] Thus, we must presume that the trial court acted properly when it dismissed Mr. Reinhart's complaint because of his failure to introduce the insurance policy into evidence before he closed his proof, and thus that it did not exceed its authority or abuse its discretion.

Mr. Reinhart's motion for new trial contained the same allegations that he advanced in objecting to the trial court's decision to dismiss his complaint: that there was no discussion about stipulating the terms of the Geico contract at the pre-trial conference of June 11, 2009, that his witnesses testified to a far higher value than $6,000 for his automobile, and that he did not close his proof before lunch on June 15, 2009, but merely indicated to the trial court that his expert witnesses could be released from subpoena and would not have to return after lunch.

Post-trial motions, such as a motion for new trial, are governed by Tenn. R. Civ. P. 59. The grant or dismissal of such a motion rests largely within the discretion of the trial judge. *Robinson v. Currey*, 153 S.W.3d 32, 38 (Tenn. Ct. App. 2004). The moving party must bear the burden of proving abuse of that discretion. *Esstman v. Boyd*, 605 S.W.2d 237, 240 (Tenn. Ct. App. 1980). Since the lack of evidence in the record as to what occurred in the trial court precluded us from finding that the court abused its discretion in dismissing Mr. Reinhart's complaint, the same lack of evidence also precludes us from finding that the court abused its discretion in dismissing his motion for new trial.

## IV.

The judgment of the trial court is affirmed. We remand this case to the Circuit Court of Bedford County for any further proceedings necessary. Tax the costs on appeal to the appellant, William J. Reinhart.

_____
PATRICIA J. COTTRELL, JUDGE

---

[4]To put it another way, without an adequate transcript or a statement of the evidence, "this Court must presume that every fact admissible under the pleadings was found or should have been found in the appellee's favor." *McDonald v. Onoh*, 772 S.W.2d 913, 914 (Tenn. Ct. App. 1989); *Gotten v. Gotten*, 748 S.W.2d 430, 432 (Tenn. Ct. App. 1987).